THE STATE OF OHIO, APPELLEE, *v.* THOMAS, APPELLANT.

[Cite as State v. Thomas (1980), 61 Ohio St. 2d 254.]

(No. 79-437 — Decided February 20, 1980.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Gary W. Crim,* for appellee.

*Mr. Kurt R. Portmann* and *Mr. Steven M. Cox,* for appellant.

HOLMES, J.   The procedural issue presented by this appeal is whether the overruling of a motion to dismiss for former jeopardy constitutes a final appealable order. If we determine that it does, we must then address the substantive issue of whether the prosecution of appellant for involuntary manslaughter is barred by the Double Jeopardy Clause of the

Fifth Amendment to the United States Constitution, or by Section 10, Article I, of the Ohio Constitution.[1]

## I.

A criminal defendant in Ohio who seeks to obtain review of a claim of double jeopardy prior to trial faces considerable procedural difficulties. This court has never stated with particularity the proper mode of review in such a case. In *Owens* v. *Campbell* (1971), 27 Ohio St. 2d 264, this court held that an accused may adjudicate the issue of collateral estoppel by invoking the extraordinary original jurisdiction of an appellate court. However, the *Owens* decision failed to specify which of the five extraordinary writs was the proper vehicle to test such a claim. While this court, in *Owens,* reversed the Court of Appeals' denial of a writ of habeas corpus, the decision carefully avoided designating that writ as the proper remedy. To the contrary, the court noted that the appellant in that case had failed "to label correctly his invocation of the Court of Appeals' proper original jurisdiction * * * ." *Owens, supra,* at page 268.

This court recognized that the writ of habeas corpus was technically inappropriate under the facts of *Owens,* since the appellant in that case was lawfully incarcerated on charges unrelated to the asserted issue of collateral estoppel. See *Flowers* v. *Haskins* (1971), 25 Ohio St. 2d 186, certiorari denied, 403 U.S. 908; *Ball* v. *Maxwell* (1965), 1 Ohio St. 2d 77; *McConnaughy* v. *Doe* (1963), 174 Ohio St. 533. The granting of the writ in *Owens* is reasonably explicable on the ground of judicial economy.

For a time after this court's decision in *Owens,* it appeared that the writ of prohibition was the correct avenue by which an accused could obtain pre-trial review of a claim of former jeopardy. See *In re Susi* (1973), 38 Ohio App. 2d 73, 74. See, also, *State, ex rel. Russell,* v. *Perkins* (1973), 34 Ohio St. 2d 48 (by implication); *State, ex rel. Susi,* v. *Flowers*

---

[1] Appellee urges this court to remand the cause to the Court of Appeals in the event that we determine that the overruling of the motion to dismiss is a final appealable order. However, because the lower court has expressed its position on this issue in *dicta,* we believe that principles of judicial economy require that we address it at this time.

(1975), 43 Ohio St. 2d 11, certiorari denied, 423 U.S. 1006 (by implication). However, this theory was seriously questioned in *State, ex rel. Davis,* v. *Crush* (1976), 46 Ohio St. 2d 360, 363, and was finally laid to rest in the recent case of *State, ex rel. Wall,* v. *Grossman* (1980), 61 Ohio St. 2d 4. In *Wall,* this court held that prohibition does not lie to test a claim of double jeopardy, because such a claim is not of a jurisdictional nature. See Annotation, 94 A.L.R. 2d 1048.

It is evident that this court's holding in *Owens* has occasioned considerable confusion as to the proper method of obtaining review of a double jeopardy claim. Appellant urges us to re-examine *Owens,* particularly that portion of the decision which holds that the overruling of a motion to dismiss on the ground of former jeopardy is not a final appealable order. We agree that the time has come for a review and a clarification of this issue.

Section 3(B)(2), Article IV of the Ohio Constitution, authorizes appellate courts to exercise such jurisdiction as may be provided by law to review "judgments or final orders" of inferior courts within their respective districts. To implement this constitutional provision, the General Assembly enacted R.C. 2953.02, which provides for review by the Court of Appeals of a "judgment or final order" in a criminal case. Although the term "final order" is not defined in R.C. 2953.02, the definition of that term contained in R.C. 2505.02 has been held to be applicable to criminal proceedings. See *State* v. *Collins.* (1970), 24 Ohio St. 2d 107, 108; *State* v. *Miller* (1953), 96 Ohio App. 216, 217.

As relevant to this appeal, R.C. 2505.02 states that:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, [or] an order affecting a substantial right made in a special proceeding * * * is a final order which may be reviewed * * * ."

Appellant contends that the overruling of a motion to dismiss for former jeopardy is a final order within the meaning of R.C. 2505.02. Appellant apparently concedes the validity of this state's policy prohibiting interlocutory appeals, but argues that this court has, in the past, allowed immediate appeals from orders which affect a substantial right that cannot be preserved by an appeal after judgment.

It is clear that the Double Jeopardy Clause is a guarantee against being twice put to trial for the same offense. *Abney* v. *United States* (1977), 431 U.S. 651, 661. It is equally clear that an order affecting a right of constitutional dimensions is an "order affecting a substantial right," within the contemplation of R.C. 2505.02. It would seem reasonable to conclude that some form of review prior to judgment is necessary to preserve this right. *Id.* at page 660.

More troublesome, however, is the meaning of the term "special proceeding" embodied in R.C. 2505.02. Although this court, in *State* v. *Collins, supra,* pointed out that most modern courts have been less than precise in defining "special proceeding," it held that a pre-trial proceeding on a motion to suppress evidence is a special proceeding within the meaning of R.C. 2505.02.

We believe that a proceeding on a motion to dismiss for double jeopardy should be considered a special proceeding as well. A claim of double jeopardy raises an issue entirely collateral to the guilt or innocence of the defendant. While it is a complete defense, it is more than that, for it, in principle, bars a new trial as well as a new conviction. Additionally, an erroneous decision on a double jeopardy claim cannot be effectively reviewed after judgment within the second trial; by that time, the defendant's right has been violated.

We hold, therefore, that the overruling of a motion to dismiss on the ground of double jeopardy is a final appealable order under R.C. 2953.02 and 2505.02. *Owens* v. *Campbell* (27 Ohio St. 2d 264) is hereby overruled.

## II.

We turn now to appellant's contention that his federal and state constitutional rights will be violated by the pending prosecution for involuntary manslaughter. The narrow substantive issue before the court is whether, in applying the double jeopardy provisions of the state and federal Constitutions, a conviction for robbery prior to the death of the robbery victim bars a subsequent prosecution of the defendant for involuntary manslaughter. We conclude that it does not.

There is a dual aspect to the right against double jeopardy. The Double Jeopardy Clause of the Fifth Amendment not

only protects the accused from what is generally thought of as the double jeopardy situation — multiple prosecutions for the same offense — but also protects the accused from multiple punishments for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 717; *Brown* v. *Ohio* (1977), 432 U.S. 161. In the latter case, the Supreme Court held that the Double Jeopardy Clause bars prosecution and punishment for the crime of stealing an automobile following prosecution and punishment for the lesser included offense of operating the same vehicle without the owner's consent. The court noted that applying the test of *Blockburger* v. *United States* (1932), 284 U.S. 299, the Double Jeopardy Clause would generally forbid successive prosecutions and multiple punishments for a greater and lesser included offense. The court also noted that this would be so whatever the sequence of the trials of the greater and lesser offenses.

In *Blockburger, supra,* the court, at page 304, set out the test to be used in determining whether two statutory provisions are sufficiently distinguishable to permit the infliction of multiple punishments:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * * "

This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case. *Brown, supra,* at page 166; *Iannelli* v. *United States* (1975), 420 U.S. 770, 785, at n.17. Accordingly, if each statute requires proof of an additional fact which the other does not, the state is not prohibited from seeking a conviction and punishment under both statutes in the same trial. *Gavieres* v. *United States* (1911), 220 U.S. 338, 342-343. Conversely, when the *Blockburger* test is not satisfied, the state is not permitted to seek multiple punishments.

Again, if the two offenses are the same under the *Blockburger* test for purposes of barring multiple sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions. *Brown, supra.*

In Ohio we have further attempted to effectuate the prin-

ciples of the Double Jeopardy Clause of the United States Constitution not only generally by way of Section 10 of Article I of the Ohio Constitution, but also by way of R.C. 2941.25, the so-called multiple-count statute. The latter statute prohibits multiple convictions where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, unless the offenses are found to have been committed separately or with a separate animus as to each. See *State* v. *Donald* (1979), 57 Ohio St. 2d 73; *State* v. *Logan* (1979), 60 Ohio St. 2d 126. However, no issue has been raised relative to R.C. 2941.25 within this case.

It should be noted that the Supreme Court has indicated that the *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. The court pointed out in *Ashe* v. *Swenson* (1970), 397 U.S. 436, that even if two offenses are sufficiently different to permit the imposition of multiple sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first.[2] See, also, *Nielsen, Petitioner* (1889), 131 U.S. 176.

This more stringent "replication of evidence" test was applied by the Supreme Court in the later case of *Harris* v. *Oklahoma* (1977), 433 U.S. 682. In *Harris,* the defendant and a companion robbed a grocery store. During the course of the robbery, the defendant's accomplice shot and killed a clerk. Defendant was convicted of felony-murder, but was subsequently tried and convicted of robbery with firearms on facts arising out of the same incident. In reversing the second conviction, the court held, at page 682, that:

"When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one."

In *Harris,* the defendant was first convicted of the

---

[2] In *Ashe* v. *Swenson,* where an acquittal on a charge of robbing one of several participants in a poker game established that the accused was not present at the robbery, the court held that principles of collateral estoppel embodied in the Double Jeopardy Clause barred prosecutions of the accused for robbing the other victims.

homicide offense, and then of the robbery offense. The order of prosecution in the cause *sub judice* is precisely opposite. However, the sequence of prosecutions is immaterial in modern double jeopardy analysis. *Brown, supra,* at page 168. The import of *Harris* is that a person may not be subjected to multiple prosecutions when proof of the one offense is necessary, as a practical matter, to prove the other, and both completed offenses arose out of the same criminal conduct.

Basically, two questions may be posed in arriving at the solution to the ultimate issue presented here. One is whether the offenses of robbery and involuntary manslaughter are distinguishable under the *Blockburger* standard; *i.e.,* do each of the crimes of robbery and involuntary manslaughter require proof of a fact which the other does not?

Two, there being a less serious offense for which the defendant has been previously tried, is the state prohibited from relitigating the factual issues already resolved in the prior trial, or do the facts of this case present an exception to the general rule prohibiting multiple prosecutions?

Answering the first query, involuntary manslaughter, as defined in R.C. 2903.04, requires proof of a fact which robbery, as defined in R.C. 2911.02, does not: causing the death of another. Conversely, robbery requires proof of the commission or attempt to commit a theft offense; involuntary manslaughter does not. Therefore, despite the fact that the robbery will serve as the underlying felony necessary to prove involuntary manslaughter, the two offenses are distinguishable under *Blockburger.*

The answer to the second query depends upon the circumstances existing at the time of the first trial. The reviewing court may determine whether all the actionable facts had come into being or, conversely, whether there were later occurrences which had emanated from the initial conduct, such as the death of the victim here.

We believe that, if the victim of the robbery had died prior to the first trial, the state could have sought convictions, and the defendant could have been sentenced, for both crimes in one trial. Conversely, under such facts, a subsequent prosecution would require the relitigation of factual issues already resolved in the earlier trial, and the state

would, by the holdings in *Ashe* v. *Swenson* and *Harris* v. *Oklahoma, supra,* be barred from later prosecuting the second offense.

Under the rationale of *Brown* and *Harris,* a later prosecution for a completed involuntary manslaughter arising out of the same criminal conduct as aggravated robbery or robbery would be barred by the Double Jeopardy Clause. However, there is an exception to this general rule, and that exception applies under the facts of this case. In *Brown, supra,* at page 169, n.7, the Supreme Court, after setting forth the above stated general principle applicable to greater and lesser included offenses, noted that:

"An exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence. See *Diaz* v. *United States,* 223 U.S. 442, 448-449 (1912); *Ashe* v. *Swenson, supra,* at 453, n.7 (Brennan, J., concurring)."

The courts have long held that where a fact necessary to the commission of one offense occurs after the defendant has been convicted of another offense, multiple prosecutions are not barred by the Double Jeopardy Clause. The cases seem to be unanimous on this point. See, *e.g., Carmody* v. *Seventh Judicial District* (1965), 81 Nev. 83, 398 P. 2d 706; *Commonwealth, ex rel. Papy,* v. *Maroney* (1965), 417 Pa. 368, 207 A. 2d 814; *Centers* v. *Commonwealth* (Ky. 1958), 318 S.W. 2d 57; *Southworth* v. *State* (1929), 98 Fla. 1184, 125 So. 345. In *Diaz, supra,* the Supreme Court recognized this exception in construing a double jeopardy statute in force in the Philippines. The *Diaz* court held that the defendant's conviction for assault and battery did not preclude a subsequent prosecution for homicide after the death of the victim.

The general rule banning multiple prosecutions for offenses arising out of the same course of conduct is intended to protect the defendant and the general public from the prosecution's misconduct. It insures that neither the defendant nor the public will be subjected to an unnecessary multiplication of legal expenses by conducting multiple trials when only one is necessary. It further insures that the accus-

ed will not be unduly harassed by being forced to "run the gauntlet" more times than is necessary. However, these considerations pale when a new offense matures only after the first trial is concluded. When it is impossible for the state to join all substantive offenses at one trial, the inconvenience to the defendant is clearly outweighed by the public's interest in assuring that the defendant does not fortuitously escape responsibility for his crimes. A second trial, under such circumstances, cannot be characterized as harassment, but must be considered as reasonably serving the public need.

We hold that, under the double jeopardy provisions of the United States and Ohio Constitutions, a conviction for robbery does not preclude a subsequent prosecution for involuntary manslaughter where the death of the robbery victim intervenes between the conclusion of the first trial and the initiation of the second. The judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas is affirmed.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, DOWD, SWEENEY and LOCHER, JJ., concur.

DOWD, J., of the Fifth Appellate District, sitting for P. BROWN, J.