THE STATE, EX REL. ROBERTSON, *v.*
NURRE, JUDGE.
THE STATE OF OHIO, APPELLEE, *v.*
ROBERTSON, APPELLANT.

(Nos. C-790799 and C-790800—Decided
September 2, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. Christian J. Schaefer,* for Thomas C. Nurre, judge, and for the state of Ohio.

*Mr. Kenneth J. Koenig, Mr. Christopher T. Laber* and *Mr. Donald G. Montfort,* for Harry Herbert Robertson.

*Per Curiam.* These causes came on to be heard, in case No. C-790799 on the complaint in mandamus, the answer and the stipulations as filed originally in this court, and in case No. C-790800 upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, the briefs and the arguments of counsel. The causes were joined for argument and decision.

Both causes raise one central issue: whether the trial court erred when it dismissed for lack of jurisdiction the motion made on behalf of Harry Herbert Robertson (hereinafter "defendant") for a hearing on his competence to stand trial after having been held in one mental institution or another for the past thirty-three years. The two causes are pursued by defendant as alternative means to correct the claimed error on the central issue, and this presents the threshold procedural question of whether the order appealed from is a final appealable order under R.C. 2505.02. In brief summary, we hold that the order was a final appealable order under the circumstances disclosed by the record, that the appeal will be considered and disposed of, that a writ of mandamus will not issue, and that the refusal to hold a competency hearing was erroneous. A review of the record is necessary to an understanding of these conclusions.

I

On July 20, 1948, the defendant was indicted for first degree murder (G.C. 12400) of Patricia Ann Jackson, an eight-year-old child who was thrown from the Western Hills Viaduct to the street below. Upon a suggestion of insanity, the court

found him "insane" (not competent to stand trial) and committed him within a month of the indictment to Lima State Hospital "until he be restored to sanity." The record discloses no other action in this case until after the emergency enactment, on August 29, 1975, of Am. Sub. S. B. No. 185, which enacted R.C. 2945.381 (see 136 Ohio Laws, Part I, 585). That emergency legislation was necessary in order to provide procedures to process persons held in institutions for indefinite periods without a competency hearing. See *Burton* v. *Reshetylo* (1974), 38 Ohio St. 2d 35 [67 O.O.2d 53].

Pursuant to R.C. 2945.381, the defendant was returned to Hamilton County for a hearing on his competency to stand trial and on whether there was a substantial probability that he would in the foreseeable future possess that competency. After the hearing, the court found him to be without competency and without a substantive probability of having that competency in the foreseeable future, and "certified" him to the Probate Division of the Court of Common Pleas of Hamilton County, for involuntary commitment as a mentally ill person (R.C. 5122.11 to 5122.16) or as a mentally retarded person (R.C. 5123.71 to 5123.76). We do not have defendant's records in the probate division before us, but the parties agreed in the stipulations filed in the instant mandamus action that he was civilly committed to Longview State Hospital in Cincinnati by the probate division. Thereafter, in both February and August 1978, defendant was ordered by the trial court to be committed to the Lima State Hospital "until restored to reason," after hearings in which defendant was found to have remained incompetent. In October 1978, he was again returned to Hamilton County, adjudged incompetent and without substantial probability of attaining the requisite competency, and again "certified" to the probate division.

We note that on November 1, 1978,

Am. Sub. H. B. No. 565 became effective, repealing R.C. 2945.381, and amending or enacting R.C. 2945.37, 2945.371, 2945.38, 2945.39 and 2945.40 (see 137 Ohio Laws, Part II, 2943-2954). (Section 5 of Am. Sub. H.B. No. 565 contains provisions that we believe dispose of the substance of the defendant's appeal.)

Thereafter, in September 1979, defendant moved for a competency hearing, but his motion was dismissed on the state's motion. The appeal and the action in mandamus were filed the next day. While the trial court gave no hint of its reasons for dismissing the motion, the prosecution asserted that the trial court lacked jurisdiction to rule on defendant's competency so long as he remained committed under the order of the probate division, and until that court determined that the commitment should be terminated under the applicable statute. Nothing in the record indicates whether the defendant was committed for mental illness, for mental retardation or for other reasons.

## II

The threshold question is whether the order dismissing defendant's motion for a competency hearing is a final appealable order. We believe it is.

Among the definitions in R.C. 2505.-02 of final orders that may be reviewed is "* * * an order affecting a substantial right made in a special proceeding * * *." To hold a defendant under indictment for an indefinite period without determining whether he is or may foreseeably become competent to stand trial deprives him of "* * * valuable equal protection and due process rights * * *." *Burton* v. *Reshetylo, supra,* at 46. The right to a competency hearing is a substantial right. The hearing itself is a "special proceeding" because it partakes of the same nature as hearings to suppress evidence illegally obtained and hearings on motions to dismiss prosecutions on grounds of double jeopardy. See *State* v. *Thomas*

(1980), 61 Ohio St. 2d 254 [15 O.O.3d 262], certiorari denied (1980), 449 U.S. 852.

The right to a competency hearing may be deferred for so short a time that the initial denial may not rise to the level of a final appealable order. *State* v. *Hunt* (1976), 47 Ohio St. 2d 170 [1 O.O.3d 99]. Also, there may be cases in which the question of competency is so intertwined with other trial rights that it should reasonably be considered only on appeal from final judgment. On the other hand, the indeterminate holding of an accused person without any consideration or reconsideration of his capacity to stand trial and have the charges disposed of one way or another raises questions that should not be deferred or ignored. *Jackson* v. *Indiana* (1972), 406 U.S. 715; *Burton* v. *Reshetylo, supra.*

The appeal from the dismissal order is valid.

## III

It is axiomatic that when a party has an adequate remedy by way of appeal, a writ of mandamus will not issue. Therefore, we hold for the respondent and against the relator (defendant) in the mandamus action. Writ denied.

## IV

In the appeal, on the other hand, we hold for the defendant (appellant) and against the state (appellee), for reasons that can be succinctly stated.

The legislature's intent in enacting Am. Sub. H. B. No. 565 in 1978 is clear and unequivocal as disclosed by the enactment itself, its scheme, its breadth of focus and its language. Its overall purpose was to restructure the procedures relating to trial competency, the plea of not guilty by reason of insanity, and the commitment of offenders to, and their transfer between, corrections institutions and institutions treating mental health and retardation. The new scheme completely replaced the old one, as amended by the 1975 emergency measure (Am. Sub. S.B. No. 185). As the Supreme Court stated in *Roden* v. *Hubbard* (1980), 62 Ohio St. 2d 217 [16 O.O.3d 248], the old provisions are no longer in existence, and a person held under them cannot continue to be held.

Under Section 5[1] of Am. Sub. H.B.

---

[1] Section 5 of Am. Sub. H.B. No. 565 (137 Ohio Laws, Part II, 2964) reads as follows:

"Persons found incompetent to stand trial and placed in the custody of a hospital prior to the effective date of this act shall be released from such custody within the period of time specified in section 2945.381 of the Revised Code, as it existed immediately prior to the effective date of this act, or within the period of time specified in division (D) of section 2945.38 of the Revised Code, as amended by this act, whichever is less, in the manner specified in divisions (E) and (F) of section 2945.38 of the Revised Code, as amended by this act. The Department of Mental Health and Mental Retardation shall review the status of all such persons in order to expeditiously implement this act. If the maximum time such a person may be detained has expired on the effective date of this act, the head of the hospital in which the person is detained shall, within ten days after the effective date of this act, notify the court that committed the person of such fact. Within ten days after receiving the notice, the court shall conduct a hearing as under division (F) of section 2945.38 of the Revised Code, as amended by this act, and make the disposition required by this division."

The prosecutor contends that the phrase "placed in the custody of a hospital" in the first sentence above means placed by the trial court in the custody of Lima State Hospital and that because defendant was transferred to the probate division he was in the custody of that entity and not in the custody of a hospital. We are not persuaded. First, the language used by the legislature obviously contains no reference to Lima State Hospital; Section 5 does not say what the prosecutor claims it says. Second, his interpretation would create a class of persons whose treatment would be so different from others that constitutional guarantees of equal protection would be violated. Third, the instant record contains two orders committing defen-

No. 565, persons such as defendant, who had been placed in custody as incompetent to stand trial prior to the effective date of the Act, must be released on the earlier of two stated deadlines "* * * in the manner specified in divisions (E) and (F) of * * * [R.C.] 2945.38 * * * as amended by * * * [the] Act * * *" (137 Ohio Laws, Part II, 2964). This obviously means that the determination about the defendant's present competence must be made by the trial court, not the probate division, and that if he is found incompetent, the trial court must determine the probabilities of his becoming competent within the time limits set forth in division (D) of R.C. 2945.38. That done, the proper disposition shall be made as set forth in division (D), the other divisions of R.C. 2945.38 and in other sections of the Revised Code. We believe these determinations must be made by the trial court irrespective of whatever determination may have been made or may in the future be made by the probate division about the defendant's mental illness or mental retardation under the standards set forth in R.C. Chapters 5122 and 5123 or both.

We are constrained not to evaluate the wisdom of what the legislature has, in the proper exercise of its function, duly enacted. When those requirements are clearly stated, as we find they are in this case, they must be followed.

V

We find merit in the defendant's first and second assignments of error, in which he asserts, respectively, error in holding that the trial court lacked jurisdiction to determine competence and error in applying R.C. 2945.381 after it had been re-

---

dant to Lima State Hospital during the effective period of R.C. 2945.381 and it also indicates that defendant was at other times committed to Longview State Hospital; defendant clearly had been "placed in the custody of a hospital prior to the effective date" of Am. Sub. H.B. No. 565, however that phrase may be interpreted.

pealed. We find no merit in his third assignment of error wherein he claims that R.C. 2945.381 was unconstitutional.

We deny the writ of mandamus as prayed for in defendant's complaint in mandamus. Finding that the order appealed from (the dismissal of defendant's motion for a hearing to determine competence to stand trial) was a final appealable order and that two of the defendant's assignments of error have merit, we reverse and vacate the order appealed from and remand this cause for further proceedings.

*Judgment accordingly.*

BLACK, P.J., SHANNON and KEEFE, JJ., concur.