Defendant-appellant, Jo Bailey, appeals from an Akron Municipal Court conviction on two counts of disorderly conduct. We affirm.
On April 19, 1998, at approximately 2:30 a.m., Defendant was arrested outside of the Vault, a restaurant/bar in Akron. Police had been called to the scene due to a large fight taking place just outside the doors of the bar. Officer David Laughlin testified that when he arrived on the scene, the combatants in the fight were being separated. Officer Laughlin approached Defendant's sister, one of the participants, to assess the situation and to try to calm her down. While arresting Defendant's sister, Officer Laughlin noticed Defendant sitting on the ground approximately five to six feet away. At that time, she was yelling, screaming, and acting highly agitated. Defendant then became belligerent, leapt to her feet, and, while screaming and yelling, advanced towards Officer Laughlin and the other officers who were trying to arrest her sister.
Officer James Joseph Soroky testified that when he arrived on the scene, Defendant was engaging in "defensive resistance" while officers tried to arrest her. Officer Soroky assisted in taking Defendant down and arresting her for disorderly conduct. He then escorted Defendant to the paddy wagon.
Officer Laughlin drove Defendant and her sister to the Summit County Jail. Defendant and her sister were the only individuals in the paddy wagon at the time. Each was secured on a different side of the vehicle. During the transport to the jail, Defendant was screaming, yelling, and kicking the side of the wagon.
Upon arrival at the Summit County Jail, the jailers attempted to follow their normal booking procedure. Defendant was, however, belligerent towards the female officer who tried to remove her jewelry as part of this procedure. She threatened the officer and refused to cooperate with the jail personnel.
Officer Laughlin testified that based upon his observations that night, Defendant was intoxicated. He pointed to indicia such as slurred speech, bloodshot eyes, mannerisms, and the turbulent behavior exhibited by Defendant. No objective tests were performed to determine whether Defendant was intoxicated. Defendant, in an attempt to explain her behavior, refuted the fact that she was intoxicated and insinuated instead that she had been sprayed with pepper spray. Officer Laughlin testified that he is familiar with and has observed both the effects of intoxication and the effects of pepper spray, and that he is aware of the divergent impacts of these two substances.
Defendant was charged with two counts of disorderly conduct in violation of Akron City Code 132.01(A)(1) and Akron City Code 132.01(B)(2). A trial was held on July 20, 1998, in the Akron Municipal Court. The trial court adjudicated Defendant guilty of both counts and on August 6, 1998, sentenced her to a one hundred dollar fine and costs, with fifty dollars suspended, on the first count and to a one hundred dollar fine, with one hundred dollars suspended, on the second count. Defendant timely appealed. She has raised two assignments of error for review.
 ASSIGNMENT OF ERROR I [The] Trial Court erred when it failed to merge the two counts for sentencing as required by Ohio Revised Code 2941.25 (multiple counts).
The Double Jeopardy Clause of the United States Constitution protects criminal defendants from multiple punishments for the same offense. State v. Rance (1999), 85 Ohio St.3d 632, 634. The General Assembly has reinforced the principles and concepts contained in the Double Jeopardy Clause through R.C. 2941.25. State v. Thomas (1980), 61 Ohio St.2d 254, 259-260. R.C.2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In applying R.C. 2941.25, the Supreme Court of Ohio has given the following guidelines for analyzing the crimes to determine if they constitute allied offenses:
 If the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." * * * If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted.
State v. Rance, 85 Ohio St.3d at 636.
Pursuant to the requirements of the analysis, the elements of the crimes must be compared to determine the interrelation and similarity of the offenses. Id. at 636. The elements should be compared in the abstract rather than in the context of the particular case in order to produce "clear legal lines capable of application in particular cases." Id. quoting Kumho Tire Co., Ltd. v. Carmichael (1999), 526 U.S. ___, ___, 143 L.Ed.2d 238,250.
Akron City Code 132.01(A)(1) states "No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]" In contrast, Akron City Code 132.01(B)(2) states "No person while voluntarily intoxicated, shall do either of the following: * * * (2) Engage in conduct or create a condition which presents a risk of physical harm to [herself] or another, or to the property of another."
In comparing the elements of the Akron City Code sections, there are several differences that distinguish one offense from the other. Akron City Code 132.01(B)(2) imposes the additional criteria that Defendant be intoxicated at the time of the incident. Additionally, the mens rea required for conviction differs between the sections. Finally, the requirement for impact of the Defendant's behavior differs in scope and severity. As shown in this comparison, the commission of one offense would not automatically lead to the commission of the other offense. Therefore, the offenses Defendant is charged with are not allied offenses. This assignment of error is overruled.
 ASSIGNMENT OF ERROR II The Trial Court erred in its finding of guilty to each count as this finding is against the manifest weight and also the sufficiency of the evidence in this case.
In her second assignment of error, Defendant has attempted to argue that her conviction was against the manifest weight of the evidence. She further states that the evidence was insufficient to support her conviction. The appellant bears the burden of demonstrating error on appeal. Akron v. Perdue (Aug. 28, 1996), Summit App. No. 17677, unreported, at 2. Pursuant to App.R. 16(A)(7) and Loc.R. 7(E) the brief shall contain the contentions of the parties with citations to authorities, statutes, and relevant portions of the record supporting their position. Defendant has failed to present such law and evidence to support her assignments of error.[1] This court has, however, reviewed the record and the applicable law and will address this assignment of error. The question of sufficiency shall be addressed first for ease of discussion.
The Supreme Court of Ohio articulated the following standard of review to determine the sufficiency of the evidence in the case of a conviction:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Thompkins, 78 Ohio St.3d at 386; State v. Feliciano (1996), 115 Ohio App.3d 646, 652-53.
The Court below could have found that the prosecution met its burden of proof by establishing guilt beyond a reasonable doubt for both counts as charged. Regarding the first charge, testimony was given by two police officers who had been on the scene of the incident and who had the opportunity to observe Defendant. As shown in the testimony recounted above, Defendant's behavior outside of the Vault was described as being violent and turbulent in nature. Officer Laughlin's testimony further established that Defendant's behavior and her interference with the arrest of her sister was an annoyance and an inconvenience. Through the testimony of the two officers, the prosecution laid out proof of all required elements of the first offense.
With regard to the second count as charged, testimony was given by Officer Laughlin regarding Defendant's behavior during the ride to the jail and throughout the booking process. This testimony established that the Defendant's actions created a propensity for harm to herself, to others, and to public property. The Defendant attempted to establish a reason for her behavior, but she never refuted the facts concerning her behavior. Testimony was also given regarding Defendant's state of intoxication. Although no objective testing was done to conclusively determine whether Defendant was intoxicated, Officer Laughlin testified to specific behavior and physical indicia exhibited by Defendant on the night in question. Based upon the facts presented at trial, considered in the light most favorable to the prosecution, the trier of fact could have found Defendant guilty beyond a reasonable doubt of the second count of disorderly conduct.
Based upon the evidence presented at the trial, the prosecution established proof of all elements of the charged offenses. A reasonable trier of fact could have found the evidence sufficient to sustain conviction on both counts against Defendant.
Defendant has also argued that her convictions were against the manifest weight of the evidence. While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. Id. Upon review of the testimony and evidence presented at the trial, we can not say that this is such a case. This assignment of error is overruled.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
___________________________ LYNN C. SLABY
FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR
[1] In fact, Defendant has stated "[t]he legal tests of sufficiency and weight of the evidence are so well known that they need not be repeated here." Defendant has not addressed the legal requirements for determining whether the evidence was sufficient for the conviction or whether the convictions were against the manifest weight of the evidence as alleged in her assignment of error. Indeed, Defendant's argument incorrectly equates the standards of review for sufficiency and manifest weight. See State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus.