OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, finding defendant-appellant, Linda Kates, guilty of involuntary manslaughter, in violation of R.C. 2903.04(A), and sentencing her to a definite, three year incarceration term.
Appellant had two children, an eight year old daughter, Shayla Kates (Shayla), and a five year old son, Jameeqwa Kates (the victim). Appellant was renovating a newly purchased residence and on the evening in question, she brought her children to this residence. (Tr. 5). The home was filled with debris, had boarded windows and was without electricity, therefore, appellant placed candles throughout the house. (Tr. 3-4). Appellant had to complete an errand and left her two children unattended. (Tr. 13). During the twenty minutes that appellant was gone, one of the candles fell over, starting a fire which consumed the home. (Tr. 3). Shayla managed to escape the house, however the victim was unable to escape and died of smoke inhalation.
Appellant was first charged and convicted by the Youngstown Municipal Court of child endangering, in violation of R.C.2919.22(A), against her daughter Shayla. Thereafter, on June 6, 1997, appellant was indicted for involuntary manslaughter, in violation of 2903.04(A), against the victim. The underlying felony for the involuntary manslaughter was felonious child endangering.
On July 18, 1997, appellant filed a motion to dismiss the indictment, claiming that she had previously been convicted of child endangering and her charge of involuntary manslaughter subjected her to double jeopardy. The trial court denied such motion. Appellant then filed a motion for reconsideration on the double jeopardy claim and the trial court denied same. On October 29, 1997, appellant withdrew her previous not guilty plea and entered a no contest plea to the involuntary manslaughter charge. The trial court found appellant guilty and sentenced her to a definite, three year incarceration term. This appeal followed.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT'S FAILURE TO DISMISS THE STATE'S INDICTMENT ON DOUBLE JEOPARDY GROUNDS CONSTITUTED ERROR AS A MATTER OF LAW."
The Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution protect defendants from double jeopardy. The United States Supreme Court, in Bentonv. Maryland (1969), 395 U.S. 784, held that the double jeopardy prohibition of the Fifth Amendment is applicable to the states through the Fourteenth Amendment.
In Blockburger v. U.S. (1932), 284 U.S. 299, the United States Supreme Court set forth the "same elements" test to be used to determine whether the same act violates two statutory provisions as it pertains to double jeopardy. The United States Supreme Court established another test in Harris v. Oklahoma (1977),433 U.S. 682. A third test was established by the United States Supreme Court in Grady v. Corbin (1990), 495 U.S. 508, which prohibited a second prosecution of a crime arising from the same criminal act. However, in U.S. v. Dixon (1993), 509 U.S. 688, the United States Supreme Court overruled its decision in Grady,supra, and returned to the "same elements" test of Blockburger,supra. In State v. Thomas (1980), 61 Ohio St.2d 254, 261, the Ohio Supreme Court adopted the Blockburger and Harris tests. In adopting these two tests, the Ohio Supreme Court in Thomas,supra, stated:
 "* * * The import of Harris is that a person may not be subjected to multiple prosecutions when proof of the one offense is necessary, as a practical matter, to prove the other, and both completed offenses arose out of the same criminal conduct.
 "Basically, two questions may be posed in arriving at the solution to the ultimate issue presented here. One is whether the offenses of robbery and involuntary manslaughter are distinguishable under the Blockburger standard; i.e., do each of the crimes of robbery and involuntary manslaughter require proof of a fact which the other does not?
 "Two, there being a less serious offense for which the defendant has been previously tried, is the state prohibited from relitigating the factual issues already resolved in the prior trial, or do the facts of this case present an exception to the general rule prohibiting multiple prosecutions?"
In State v. Tolbert (1991), 60 Ohio St.3d 89, the Ohio Supreme Court reaffirmed the two part test set forth in Thomas, supra.
In the present matter, appellant argues that the trial court should have granted her motion to dismiss the indictment for involuntary manslaughter because she had previously been convicted of child endangering on the same factual basis. Appellant argues that since the underlying felony in this case was child endangering and since the failure to prove child endangering would absolutely preclude a conviction for involuntary manslaughter, by definition, the crime of child endangering is a lesser-included offense of involuntary manslaughter. Appellant maintains that involuntary manslaughter and child endangering cannot be tried separately because they constitute the same offense, and to do so would violate the double jeopardy clause. Therefore, appellant maintains that her involuntary manslaughter conviction failed the test as set forth in Blockburger, supra, and subjected her to double jeopardy.
Appellant sets forth cases in support of her position that the involuntary manslaughter action was barred. Appellant cites Brownv. Ohio (1977), 432 U.S. 161, wherein the United States Supreme Court held that a defendant could not first be tried and convicted of joyriding and subsequently charged and convicted of stealing an automobile. The United States Supreme Court stated that to do so would violate double jeopardy, since joyriding is a lesser-included offense of stealing an automobile. Appellant also cites State v. Donald (1979), 57 Ohio St.2d 73, wherein the Ohio Supreme Court held that the conviction of two crimes is prohibited by statute where both crimes are motivated by a single purpose and both convictions rely upon identical conduct and the same evidence. Appellant further cites the facts from Harris,supra, wherein the United States Supreme Court held that the defendant could not be convicted of felony murder and subsequently convicted of robbery with firearms if both offenses arose from the same act.
In Thomas, supra, the Ohio Supreme Court viewed both R.C.2903.04, for involuntary manslaughter, and R.C. 2911.02, for robbery, separately in order to determine whether both statutes required proof of a fact which the other did not. The Ohio Supreme Court did not find a per se double jeopardy violation merely because robbery was the underlying felony for the subsequent involuntary manslaughter charge. Therefore, in the case at bar, to test the statute under Blockburger, supra, as adopted by the Ohio Supreme Court in Thomas, supra, the statutes for both involuntary manslaughter and felonious child endangering must be reviewed to determine whether both require proof of an element which the other does not.
Child endangering and felonious child endangering are defined under R.C. 2919.22, which states, in pertinent part:
"2919.22 Endangering children
 (A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.
"* * *
 "(E)(1) Whoever violates this section is guilty of endangering children.
 "(2) If the offender violates division (A) or (B)(1) of this section, endangering children is one of the following:
 "(a) Except as otherwise provided in division (E)(2)(b) or (c) of this section, a misdemeanor of the first degree;
"* * *
 "(c) If the violation results in serious physical harm to the child involved, a felony of the third degree."
Involuntary manslaughter is governed by R.C. 2903.04(A), which states:
"2903.04 Involuntary manslaughter
 "(A) No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a felony."
A review of these statutes demonstrates that each requires proof of a fact which the other does not. Felonious child endangering requires proof of parental neglect causing a substantial risk of harm to a person under eighteen years of age that results in serious physical harm to the child, which is not a requirement for involuntary manslaughter. Involuntary manslaughter requires proof of the death of another, which is not a requirement for felonious child endangering. Therefore, both statutes require proof of an additional fact which the other does not, thus satisfying the test as set forth in Blockburger, supra, and passing the first test in Thomas, supra.
In viewing a double jeopardy claim under Thomas, supra, an additional test must be satisfied. The second test as adopted by the Ohio Supreme Court from Harris, supra, prohibits charging a defendant with an offense when proof of the one offense is necessary, as a practical matter, to prove the other, and both completed offenses arose out of the same criminal conduct. Under this test double jeopardy prohibited appellee from relitigating the factual issues already resolved in the prior trial. Therefore, if appellee had to prove that appellant committed child endangering against Shayla to prove involuntary manslaughter against the victim, appellee would have relitigated a fact which was resolved from a previous trial. This would have been prohibited by double jeopardy.
In the case at bar, appellee did not have to prove that appellant was guilty of child endangering of Shayla in order to convict appellant of involuntary manslaughter of the victim because there were two separate offenses and two victims. The underlying felony for appellant's involuntary manslaughter conviction was felonious child endangering. Appellee had to prove that appellant committed felonious child endangering of her son, the victim, to have an underlying felony upon which to base a charge of involuntary manslaughter under R.C. 2903.04(A). To prove felonious child endangering under R.C. 2919.22(E)(2)(c), appellee had to prove that the victim suffered serious physical harm as a result of appellant committing child endangering against him. Appellee proved that the victim suffered serious physical harm because he died as a result of appellant's actions. Appellant's prior child endangering conviction regarding Shayla was not an issue in appellant's subsequent trial for involuntary manslaughter. Therefore, the subsequent involuntary manslaughter conviction under R.C. 2909.04(A) passed the test as set forth inHarris, supra, and as adopted by the Ohio Supreme Court inThomas, supra.
Moreover, Brown, supra, and Donald, supra, to which appellant cites, are distinguished from the case at bar. In those cases there was one victim, but in the case at bar, appellant engaged in one offense of child endangering against Shayla, and a second offense of involuntary manslaughter against the victim. As previously stated, appellee did not have to prove the offense of child endangering against Shayla to obtain a conviction for involuntary manslaughter against appellant with regards to the victim. The facts of Harris, supra, were also distinguished from the case at bar because that case involved a conviction for felony murder and a subsequent conviction for the underlying felony. In the present matter, appellant was not first convicted of involuntary manslaughter and then convicted of the underlying felony of felonious child endangering. Instead, appellant was convicted of child endangering against Shayla, then convicted of a separate offense of involuntary manslaughter against the victim. Therefore, appellant's conviction for involuntary manslaughter did not violate the double jeopardy clause of the United States or Ohio Constitutions.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
VUKOVICH, J., concurs.
WAITE, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE