OPINION
The State of Ohio appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which dismissed the indictment against defendant Courtney Cassie on the grounds of collateral estoppel. The State assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES'S MOTION TO DISMISS THE INDICTMENT BASED ON GROUNDS OF COLLATERAL ESTOPPEL.
The record indicates Coshocton County Sheriff's deputies arrested appellee on June 28, 1997. The deputies searched appellee and found a bag of marijuana and a bag containing cocaine and crack pipes. Appellee was charged with one count of underage consumption and possession of drug paraphernalia in Coshocton Municipal Court. On August 1, 1997, pursuant to a plea bargain, appellee entered a plea of no-contest on the charge of underage consumption and the city dismissed the charge of possession of drug paraphernalia. On August 19, 1997, the Grand Jury indicted appellee for possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree. The indictment was a result of the June 18, 1997 arrest and search. The trial court granted appellee's motion to dismiss the indictment based upon principles of double jeopardy. TheFifth Amendment to the United States Constitution provides that no person shall be twice placed in jeopardy. In North Carolina v. Pearce (1969), 395 U.S. 711, the United States Supreme Court explained the concept of the double jeopardy also includes one of collateral estoppel, to protect an accused from successive prosecutions and multiple punishments for greater and lesser included offenses. In State v. Thomas (1980), 61 Ohio St.2d 254, the Supreme Court of Ohio adopted the so-called Blockberger rule, first enunciated in Blockberger v. United States (1932),284 U.S. 299. The Blockberger rule provides that where the same act or transaction constitutes a violation of two distinct statutory provisions, the court should determine whether there are two offenses or only one, by determining whether each statutory provision requires proof of a fact which the other does not. In Ashe v. Swenson (1970), 397 U.S. 436, the U.S. Supreme Court expanded the Blockberger test. In Ashe, the court held that even if two offenses are sufficiently different to permit the imposition of multiple sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the re-litigation of factual issues already resolved by the first. An exception to the rule is where the State cannot proceed on the more serious charge simultaneously with the lesser, because additional facts necessary to sustain the higher had not occurred or have not been discovered despite the exercise of due diligence, Diaz v. United States (1912), 233 U.S. 442. Ohio has applied these U.S. Supreme Court rules, see Thomas, supra, syllabus by the court. In applying the Blockberger Rule, we find the offenses, possession of cocaine and possession of drug paraphernalia constitute separate violations of distinct statutory provisions, each requiring proof of a fact which the other did not. Applying the Ashe test, we must determine whether successive prosecutions should be barred because the second prosecution requires the re-litigation of factual issues already resolved by the first. Here, the factual issue underlying the charge of possession of drug paraphernalia was never litigated, and the prosecution for possession of cocaine therefore does not require the re-litigation of a factual issue that was already resolved by the prior prosecution. Applying the Ashe test to the case at bar, we find the State was not collaterally estopped from bringing this second prosecution. The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 ______________________ Gwin, P.J.,
Farmer, J., and Wise, J., concur