OPINION
{¶ 1} Defendant-appellant Robert H. Cameron appeals the December 6, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas denying his motions to dismiss. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 26, 2002, appellant was charged with driving under the influence, in violation of R.C. 4511.19; driving under suspension, in violation of R.C. 4507.02; reckless operation, in violation of R.C. 4511.201; and no license plates, in violation of Ordinance 335.09. A felony complaint and a uniform traffic complaint for DUI were filed in the New Philadelphia Municipal Court.
 {¶ 3} On January 30, 2002, appellant entered not guilty pleas to the misdemeanor offenses. A preliminary hearing on the felony DUI offense was scheduled for February 5, 2002. Appellant was released upon his own recognizance. On February 5, 2002, the State moved to dismiss the felony DUI offense. The trial court granted the motion.
 {¶ 4} On July 17, 2002, appellant entered pleas of no contest to the driving under suspension and the reckless operation counts. The State moved to dismiss the remaining offenses. Appellant was sentenced to six months in jail on the driving under suspension offense, and ordered to pay court costs. At the conclusion of the sentencing hearing, appellant was served with an indictment for felony driving under the influence, in violation of R.C. 4511.19(A)(1), taken into custody and transported to jail.
 {¶ 5} Appellant entered a plea of not guilty to the felony DUI offense, and was released on bond after service of four days in jail. Appellant filed subsequent motions seeking dismissal on the grounds of double jeopardy and pre-indictment delay. Via Judgment Entry filed December 6, 2002, the trial court denied the motions. Thereafter, appellant entered a plea of no contest. The trial court imposed an eighteen month prison sentence. The court stayed execution of the sentence pending appeal.
 {¶ 6} It is from the December 6, 2002 Judgment Entry denying his motions to dismiss appellant now appeals, raising the following as assignments of error:
 {¶ 7} "I. The trial court committed reversible error when it did not dismiss the action for the reason of double jeopardy.
 {¶ 8} "II. The trial court committed reversible error when it did not dismiss the action for the reason of unjustifiable preindictment delay."
 I {¶ 9} In his first assignment of error, appellant argues the trial court committed reversible error in failing to dismiss the felony DUI charge for reasons of double jeopardy. Appellant maintains his conviction for the misdemeanor violations of driving under suspension and reckless operation stemming from the January 26, 2002 operation of a motor vehicle, bars the felony prosecution for driving under the influence stemming from the same events. We disagree.
 {¶ 10} The double jeopardy protections afforded by the federal and state constitutions guard citizens against both successive prosecutions and cumulative punishments for the "same offense." State v. Moss (1982), 69 Ohio St.2d 515, 518.
 {¶ 11} In Blockburger v. United States (1932),284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the United States Supreme Court set out the test to be used in determining whether two statutory provisions are sufficiently distinguishable to permit the infliction of multiple punishments:
 {¶ 12} "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. * * *" {¶ 13} This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case. Iannelli v. UnitedStates (1975), 420 U.S. 770, 785, at n. 17, 95 S.Ct. 1284, 1293,43 L.Ed.2d 616. Accordingly, if each statute requires proof of an additional fact which the other does not, the state is not prohibited from seeking a conviction and punishment under both statutes in the same trial. Gavieres v. United States (1911),220 U.S. 338, 342-343, 31 S.Ct. 421, 422-423, 55 L.Ed. 489. Conversely, when the Blockburger test is not satisfied, the state is not permitted to seek multiple punishments. State v.Thomas (1980), 61 Ohio St.2d 254.
 {¶ 14} Additionally, if two offenses are sufficiently different to permit the imposition of multiple sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. Ashe v. Swenson (1970),397 U.S. 436, 90 S.Ct. 1189; Thomas, supra.
 {¶ 15} However, the Ohio Supreme Court in Thomas, supra, recognized an exception to the above general rule, which we find applicable to this case.
 {¶ 16} "An exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence. See Diaz v. United States, 223 U.S. 442, 448-449,32 S.Ct. 250, 56 L.Ed. 500 (1912); Ashe v. Swenson, supra,397 U.S. at 453, n. 7, 90 S.Ct. 1189 (Brennan, J., concurring)."
 {¶ 17} Appellant cites two proposed justifications offered by the State with regard to the indictment delay. According to appellant, the State claims it could not locate appellant to timely serve him with the indictment. Second, the State claims it needed to obtain certified copies of the appellant's driving record. At the November 21, 2002 motions hearing, Assistant Prosecuting Attorney Robert Stephenson stated:
 {¶ 18} "MR. STEPHENSON: It's optional. May 17th is the date of the indictment. We also request for a summons at that point at his last known address. May 20th it fails because he's moved. The property is vacant. There's a failure of service dated the 20th.
* * *
 {¶ 19} "MR. STEPHENSON: I'll supply that but nothing took place out of the ordinary course of business in our office. The case got presented to the Grand Jury sometime in April, April 23rd. An indictment was issued May 17th. This treatise — and I think Glazer talks about the courts that defer to the prosecutor as far as the prosecutor's decision as to when it's time to go to Grand Jury. We obviously have a different investigation pending with regard to the felony DUI. It's our decision as to when we're ready to go to the Grand Jury and probably the best indication from looking at the record in this case that you could look this we moved to dismiss I think on February 5th, the felony DUI case and indicate that we'll be taking the case to Grand Jury. At that point —
 {¶ 20} "THE COURT: is that in the motion?
 {¶ 21} "MR. STEPHENSON: Yes.
 {¶ 22} "THE COURT: Okay.
 {¶ 23} "MR. STEPHENSON: At that point we're doing that one because he's — there's other charges pending but we can't go through a preliminary hearing and win a preliminary hearing because we do not have all the certified copies in hand —
 {¶ 24} "THE COURT: Sure, I understand.
 {¶ 25} "MR. STEPHENSON: — to win a bind-over. We can't go in with a noncertified copy of someone's driving record. We can't get a certified copy quick enough. You need to have these records in hand before you go to Grand Jury. So, if you look at the judgment entries supplied or — and are admitted into evidence in this case, it's not until April that we get the certified copies back. How do you tell that? Because the date of the certification here from municipal court is April 5th. Well, we don't have those all in hand until it's time to go to Grand Jury sometime in April. If our investigation is not complete, it's impossible for somebody to validly accuse us of a due process violation as far as the preacquisition predelay in this case. Bear in mind, the Defendant is not incarcerated. So, I don't see any actual prejudice to the Defendant that rises to the level of a due process violation. You know, being euchred out of some concurrent time, you know, pales in comparison to a true due process — due process violation like lost evidence, inability to establish an alibi or witnesses who are suddenly missing. So, you know, getting to the Grand Jury seven or eight weeks later in our view doesn't ring a bell."
Tr. at 12-13, 42-44.
 {¶ 26} Upon review, this case satisfies the exception underThomas as the necessary elements for the indictment on the felony DUI charge were not complete at the time appellant entered his pleas as to the misdemeanor counts. Accordingly, the trial court did not error in finding the State was unable to proceed on the felony DUI, despite the exercise of due diligence.
 {¶ 27} Appellant's first assignment of error is overruled.
 II {¶ 28} In the second assignment of error, appellant maintains the trial court erred in not dismissing the action for the reason of unjustifiable pre-indictment delay. For the reasons set forth above, the trial court did not error in finding due diligence and justifiable delay as to the felony DUI indictment.
 {¶ 29} Appellant's second assignment of error is overruled.
 {¶ 30} The December 6, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Wise, J., concur.