OPINION JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Bucky Nichols ("Appellant"), appeals from the judgment of conviction and sentence entered upon a jury's verdict finding Appellant guilty of one count of gross sexual imposition. A timely notice of appeal was filed and on December 29, 2003, Counsel for Appellant filed a brief pursuant to Anders vs. California (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous. However, in said brief, Counsel for Appellant raised four potential assignments of error. Those potential assignments of error are as follows:
 ASSIGNMENTS OF ERROR
{¶ 2} "The trial court committed harmful error in allowing prejudicial and inadmissible evidence to reach the jury.
{¶ 3} "The conviction of the defendant-appellant is not support [SIC] by the record herein.
{¶ 4} "The trial court committed error in sentencing and classifying the defendant-appellant following the conviction herein.
{¶ 5} "The defendant-appellant was denied the effective assistance of trial counsel."
{¶ 6} Thereafter, on February 3, 2004, Counsel for Appellant filed a Motion to Withdraw as Counsel for Appellant and filed a certification wherein he certified that Appellant was notified of his right to file a pro se brief. Although Appellant was duly notified, according to said certification, of his right to file a pro se brief, no such brief was filed.
{¶ 7} The within conviction arose from the allegations and evidence that Appellant had sexual contact and digital penetration with his seven-year-old daughter between January 1, 2002, and February 26, 2002. We now turn to Appellant's potential assignments of error.
 I
{¶ 8} Through his first potential assigned error, Appellant claims that his seven-year-old daughter was incompetent to testify against him. We disagree.
{¶ 9} Evid. R. 601 provides that every person is competent to be a witness at a trial unless the witness is a child under ten years of age and the child appears incapable of receiving just impressions of the facts and the transactions respecting which they are examined, or of relating them truly. In other words, if a child under ten years of age is incapable of receiving just impressions of the facts and transactions with respect to matters for which that child will testify, that child will be deemed incompetent as a witness. This is a two-tier test.
{¶ 10} In the instant case, there is no dispute that the child victim was under the age of ten years. However, a review of the record clearly demonstrates that the trial court conducted examinations to determine that the child victim was capable of receiving just impressions of the facts and the transactions for which the child victim testified. Furthermore, the child clearly answered all questions during both direct and cross-examinations. While Appellant may question the veracity of that testimony and the inconsistencies of that testimony, we are satisfied from the transcript of proceedings, that the child victim was a competent witness.
{¶ 11} Appellant also questions whether it was proper for the trial court to admit testimony of Janet McCleary. Ms. McCleary examined the child victim and testified at trial regarding statements made by the child during that examination. We believe said testimony was properly admitted as an exception to the hearsay rule that allows statements to be offered for purposes of medical diagnosis or treatment. See Evid. R. 803(IV).
{¶ 12} This Court has previously allowed said testimony inState of Ohio V. Cecil Adams (October 30, 2002), Licking County Appellant Case No. 02-CA-00043, unreported.
{¶ 13} For these reasons, we find no merit and hereby overrule Appellant's first potential assigned error.
 II
{¶ 14} Through his second potential assigned error, Appellant maintains that his conviction is not supported by the record and is contrary to the manifest weight of the evidence. We disagree.
{¶ 15} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.2d 259, paragraph 2 of the syllabus.
{¶ 16} This Court has reviewed the testimony that was offered at trial and believe that it more than sufficiently established that Appellant had engaged in inappropriate sexual activity with his seven-year-old daughter. The evidence demonstrated that Appellant would routinely sleep with his seven-year-old daughter, undress her, fondle her, place his penis against her, and place his fingers inside her vagina.
{¶ 17} Appellant's second potential assigned error is hereby overruled.
 III
{¶ 18} Through his third potential assigned error, Appellant maintains the trial court committed error in its sentencing and by classifying Appellant as a sexually oriented offender. We disagree.
{¶ 19} Appellant was convicted of gross sexual imposition, a felony of the third degree, which is punishable by up to five years in prison. In the instant case, the trial court selected the lowest possible prison term available for this offense by only sentencing Appellant to one year incarceration. We believe Appellant, from the state of the record, was extremely fortunate in receiving that type of sentence. We find no error in the trial court's sentence of one year.
{¶ 20} With respect to the trial court's determination that Appellant be classified as a sexually oriented offender, we find no error in that determination. Again, a sexually oriented offender classification is the lowest classification available to the trial court. We find no error in the trial court's determination that the Appellant be classified as a sexual oriented offender.
{¶ 21} Appellant's third potential assigned error is hereby overruled.
 IV
{¶ 22} Through his fourth and final potential assigned error, Appellant maintains he was denied effective assistance of trial counsel. We disagree.
{¶ 23} We have reviewed the entire transcript in this matter, and we are convinced that Appellant's trial counsel vigorously defended Appellant in light of the overwhelming evidence against him. This is especially true when it is considered that Appellant was acquitted of two other charges involving sexual conduct with his children.
{¶ 24} Appellant's fourth and final potential assigned error is hereby overruled.
{¶ 25} Based upon our review of the record, we hereby grant counsel for Appellant's motion to withdraw.
{¶ 26} For the reasons stated herein above, we hereby affirm the judgment of conviction and sentence entered in the Licking County Court of Common Pleas.
Judgment affirmed.
Gwin, P.J., and Wise, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Ohio, is affirmed. Costs assessed to Appellant.