This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Eileen Myers, has appealed from her conviction by the Medina County Municipal Court on twenty-five counts of cruelty to animals. We affirm.
Defendant was charged with twenty-seven counts of cruelty to animals, in violation of R.C. 959.13. Following the issuance of the complaints, Defendant moved to suppress all evidence gathered as a result of the search of her home and property. The State responded in opposition. Following a hearing, Defendant's motion was denied. In April 2000, Defendant twice moved the court for disqualification of the special prosecutor appointed to prosecute the case. Following argument on the matter, the motion was denied. On April 17, 2000, Defendant pled no contest to twenty-five counts. Two counts were dismissed by the State. Defendant was sentenced accordingly. Defendant timely appealed and has raised six assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred, to the substantial prejudice of Defendant, by denying Defendant's motion to suppress evidence and return property.
In her first assignment of error, Defendant has argued that the trial court erred when it denied her motions to suppress the evidence obtained during the search of her premises. We disagree.
In reviewing a request for a search warrant, a magistrate is to apply the "totality-of-the-circumstances" test delineated by the United States Supreme Court in Illinois v. Gates (1983), 462 U.S. 213, 238,76 L.Ed.2d 527, 548. The Gates court noted that under this test:
 The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Id. "When a warrant has been issued, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." State v. Sheppard (1998),84 Ohio St.3d 230, 236. "This determination is accorded great deference."Id. citing State v. George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus.
In support of her allegations that the trial court erred by refusing to suppress the evidence, Defendant has argued (1) that the affidavits underlying the warrant were facially insufficient, and (2) that the warrant was overly broad. While Defendant has quoted from the affidavits and referenced the warrant, these documents are not contained in the record before this Court. Defendant has the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters, which are necessary to support her assignments of error.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Therefore, since the affidavits and warrant were not admitted as exhibits at the trial court during the suppression hearing and they are not contained elsewhere in the record, this Court is unable to pass upon this portion of the assigned error and must presume that they contained sufficient information to support the search warrant.
Defendant has also argued in this assignment of error that the search warrant was executed by an unauthorized party. The record does not support this assertion. Pursuant to Crim.R. 41(C) a search warrant is to be executed by a "law enforcement officer." Crim.R. 2(J) defines "law enforcement officer" to include
 a sheriff, deputy sheriff, constable, municipal police officer, marshal, deputy marshal, or state highway patrolman, and also means any officer, agent, or employee of the state or of any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, the authority to arrest violators is conferred, when the officer, agent, or employee is acting within the limits of statutory authority.
At the suppression hearing, Detective Kevin Ross testified that he executed the search warrant. He further testified that he is employed by the Medina County Sheriff's Department. Detective Ross certainly qualifies as a "law enforcement officer" and therefore, he was authorized to execute the search warrant and search Defendant's property.
Defendant's arguments in her first assignment are without merit.
 ASSIGNMENT OF ERROR II The trial court erroneously considered "evidence" offered ex parte by the State prior to sentencing, which had neither been properly offered or accepted as evidence during the plea. [Italics added.]
In her second assignment of error, Defendant has argued that the trial court erred when it considered a videotape taken during the initial search of Defendant's property during the sentencing phase of the proceedings. Specifically, Defendant has argued that in order for the trial court to consider the videotape, it had to have been offered by the State during the guilt phase of the proceedings. We disagree.
"[V]ictim-impact testimony, such as testimony depicting the circumstances surrounding the offense * * * `may be admissible duringboth the guilt and the sentencing phases.'" (Emphasis sic.) State v.Treesh (2001) 90 Ohio St.3d 460, 487, quoting State v. Fautenberry (1995)72 Ohio St.3d 435, 440. This videotape depicted for the trial court the circumstances surrounding the crimes against the numerous animal victims. Accordingly, it was not error for the trial court to consider this testimony at the sentencing hearing. Defendant's second assignment of error is without merit.
 ASSIGNMENT OF ERROR III The trial court erred to the substantial prejudice of Defendant by failing to find offenses alleged against Defendant as allied offenses of similar import under O.R.C. § 2941.25 [sic.].
In her third assignment of error, Defendant has argued that the trial court erred when it sentenced her on allied offenses of similar import. It appears that Defendant is making two arguments to support this contention. First she appears to argue that the offenses were allied offenses because the two crimes with which she was charged are such that the commission of one would lead to the commission of the other. In the alternative, Defendant has argued that some of the crimes are allied offenses because the same charge was filed repeatedly with the only difference being the different animals named as victims of the crimes. We disagree with both of Defendant's arguments.
The Double Jeopardy Clause of the United States Constitution protects criminal defendants from multiple punishments for the same offense.State v. Rance (1999), 85 Ohio St.3d 632, 634. The General Assembly has reinforced the principles and concepts contained in the Double Jeopardy Clause through R.C. 2941.25. State v. Thomas (1980), 61 Ohio St.2d 254,259-260. R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In applying R.C. 2941.25, the Supreme Court of Ohio has given the following guidelines for analyzing the crimes to determine if they constitute allied offenses:
 If the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." * * * If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends the multiple convictions are permitted.
State v. Rance, 85 Ohio St.3d at 636, quoting State v. Jones (1997),78 Ohio St.2d 12, 13.
Pursuant to the requirements of the analysis, the elements of the crimes must be compared to determine the interrelation and similarity of the offenses. Id. The elements should be compared in the abstract rather than in the context of the particular case in order to produce "clear legal lines capable of application in particular cases." Id. quoting Kumho Tire Co., Ltd. v. Carmichael (1999), 526 U.S. 137, ___,143 L.Ed.2d 238, 250.
In this case, Defendant was convicted of twenty-five counts of cruelty to animals. These counts are premised upon violations of two separate code sections. Specifically, Defendant was convicted of violating R.C.959.13(A)(1) and (4) which each prohibit different types of behavior. R.C. 959.13(A)(1) states that "[n]o person shall * * * [t]orture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water[.]" R.C. 959.13(A)(4) provides that "[n]o person shall [k]eep animals * * * in an enclosure without wholesome exercise and change of air[.]"
In comparing the elements of the code sections, there are several differences that distinguish one offense from the other. In fact, each requires very different action or inaction on the part of the perpetrator of the crime. Accordingly, in the abstract, the elements are such that the commission of one does not necessarily lead to the other and therefore, R.C. 959.13(A)(1) and (4) are not allied offenses of similar import.
Defendant has alternatively argued that her failure to care for these animals led to all of the crimes against the various animals, and therefore, all counts that contain a charge of the same violation must be merged as allied offenses of similar import. In support of this argument she has argued that there exists no separate animus for each of the crimes.
Defendant is correct in arguing that charges of the same crime would contain the same elements and typically would be allied offenses. However, the statute provides that "where [her] conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B). In State v. Lapping (1991) 75 Ohio App.3d 354, the Eleventh District found that each animal constitutes a separate victim and thus a separate animus as to each. Id. at 364. Accordingly, since there were seventy-five different animals which were victims of the Defendant's actions, there exists sufficient separate animus to sustain convictions on twenty-two counts. Therefore, neither of Defendant's arguments in her third assignment of error has merit.
 ASSIGNMENT OF ERROR IV The trial court erroneously failed to disqualify the "special prosecutor" thereby resulting in the denial of due process of law to Defendant.
In her fourth assignment of error, Defendant has argued that the trial court erred when it failed to disqualify the special prosecutor appointed to prosecute this case. We disagree.
In her first argument, Defendant appears to contend that the prosecutor was not appointed under the required statutes and therefore should have been disqualified. R.C. 2931.18 specifically provides that the humane society may employ an attorney to prosecute violations of the law relating to prevention of cruelty to animals cases. The Humane Society acted pursuant to this statute to appoint the prosecutor in this case. Accordingly, the trial court did not err in refusing to disqualify the prosecutor on this basis since such appointments were specifically contemplated and provided for by the legislature.
Defendant has also argued that the special prosecutor should have been disqualified due to a financial interest he has in the case. Upon review of the evidence it appears that the neither the special prosecutor nor any of his family stood to personally gain financially, or otherwise, from the prosecution of this case. In fact, the only remuneration he would receive from this matter would be his standard salary at a court-determined rate as paid by the county. Accordingly, the trial court did not err in denying Defendant's motion to disqualify the special prosecutor on the grounds of personal interest.
Neither of the arguments in Defendant's fourth assignment of error has merit.
 ASSIGNMENT OF ERROR V The statute, ORC § 2931.18 [sic.], is unconstitutional on its face and as applied constitutes a denial of due process of law and equal protection under the laws.
In her fifth assignment of error, Defendant has argued that R.C. 2931.18
is unconstitutional and that its application denied Defendant due process and equal protection under the law. We will not consider this argument.
Generally, appellate courts will not consider arguments that could have been, but were not, raised in the trial court. In re 730 Chickens
(1991), 75 Ohio App.3d 476, 488. The record clearly indicates that Defendant did not raise a question about the constitutionality of the statute below. In fact, at the hearing held on Defendant's motion to disqualify the prosecutor, defense counsel was unaware of the existence of this statute prior to being advised of such by the trial court. Therefore, this Court will not consider Defendant's arguments relating to the issue, since it was not properly before the trial court to consider.
 ASSIGNMENT OF ERROR VI The second search of Defendant's farm was based upon unlawfully acquired information and by impermissibly coercive and misleading police procedures, puportedly classified as a "consent search.".
In her sixth assignment of error, Defendant has argued that the second search of her property was an improper exploratory search done without a warrant and that the trial court erred when it denied Defendant's motion to suppress. We disagree.
The warrantless entry and search of a residence is presumptively unreasonable under the Fourth Amendment. Payton v. New York (1980),445 U.S. 573, 586, 63 L.Ed.2d 639, 651. One established exception to the warrant requirement is a search conducted pursuant to consent.Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219, 36 L.Ed.2d 854,858. In order to rely upon a purported consent to search, the State must demonstrate by clear and positive evidence that consent was freely and voluntarily given. State v. Posey (1988), 40 Ohio St.3d 420, 427, certiorari denied (1989), 492 U.S. 907, 106 L.Ed.2d 567. "[W]hether a consent to search was in fact `voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte,412 U.S. at 227, 36 L.Ed.2d at 862-863.
"`When considering a motion to suppress, the trial court assumes the role of trier of fact and thus, stands in the best position to resolve issues of fact and witness credibility.'" State v. Cumberledge (Sept. 16, 1998), Lorain App. No. 97CA006959, unreported, at 5, quoting CuyahogaFalls v. Stephenson (June 18, 1997), Summit App. No. 18011, unreported, at 4-5. While we defer to the findings of the trial court on a motion to suppress provided that they are supported by competent, credible evidence, our review of the application of the law to the facts is denovo. State v. McNamara (1997), 124 Ohio App.3d 706, 710.
On August 4, 1999, the Medina County Sheriff's Office executed a search warrant at Defendant's farm. At that time, there were approximately one hundred and thirty-five animals on this farm. Due to transportation constraints, only those animals that were in critical need of immediate medical care were taken from the farm at that time. The remaining animals were tagged as evidence, and Defendant was informed that she was prohibited from disposing of or destroying these animals. On September 16, 1999, Defendant moved the trial court for an order permitting her to sell or otherwise dispose of the animals remaining on her property claiming that she was without funds to care for these animals. On October 14, 1999, in response to Defendant's motion, the trial court ordered the State to remove the remaining animals from the property within fourteen days. In the interim, the court ordered the State to provide food and sustenance for the animals. The order further required the State to give Defendant twenty-four hours notice prior to the time of removal.
On October 15, 1999, after giving the required twenty-four hour notice, law enforcement officers went to Defendant's farm to obtain the remaining animals. Upon arrival at the property, the officers asked Defendant to get the listed animals. Defendant invited the officers onto the property and requested that they obtain the animals themselves. At that time, Defendant signed the animals over to the Medina County Humane Society.
Because the officers were not on Defendant's property to conduct a search of the premises but were merely sent to pick up evidence, this does not amount to a search. Even assuming arguendo that this was a search, we do not find that the trial court erred in denying Defendant's motion to suppress because Defendant not only consented to the alleged search she invited the officers onto her property and proceeded to lead them into the various buildings where the animals were housed. Defendant does not allege that she acted under duress in giving her consent to the search. In fact, Defendant only alleges coercion and duress in that she claims that she was coerced into signing ownership of the animals over to the humane society through false promises that she would not be prosecuted. This is irrelevant to her consent to the officers' entry onto the property. Accordingly, the trial court did not err in denying Defendant's motion to suppress. Defendant's sixth assignment of error is without merit.
Defendant's six assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, BATCHELDER, P.J., WHITMORE, J. CONCUR.