Shearman, Appellant, *v.* Van Camp, Sheriff, Appellee.

[Cite as *Shearman v. Van Camp* (1992), 64 Ohio St.3d 468.]

(No. 91–1007—Submitted May 12, 1992—Decided September 2, 1992.)

*R. Daniel Hannon* and *Timothy A. Smith,* for appellant.

*Donald W. White,* Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee John Van Camp, Clermont County Sheriff.

---

*Per Curiam.* This case presents two issues for our review. The first is whether appellant has stated a cognizable double jeopardy claim, that is, whether double jeopardy or collateral estoppel precludes appellant's prosecution for the same offenses of which Bennett was convicted. The second is whether habeas corpus is the proper vehicle for reviewing the denial of a motion to dismiss on double jeopardy grounds. We answer the first issue in the negative, affirming the decision of the appellate court, and the second issue is therefore moot.

The Double Jeopardy Clauses contained in the Ohio and the United States Constitutions protect an accused from multiple prosecutions and multiple punishments for the same offense. *State v. Thomas* (1980), 61 Ohio St.2d 254, 258–260, 15 O.O.3d 262, 265, 400 N.E.2d 897, 902. We stated the requirements for a plea of former jeopardy in *State v. Best* (1975), 42 Ohio St.2d 530, 71 O.O.2d 517, 330 N.E.2d 421, paragraph two of the syllabus:

"To sustain a plea of former jeopardy, it must appear:

"(1) That there was a former prosecution in the same state for the same offense;

"(2) that the same person was in jeopardy on the first prosecution;

"(3) that the parties are identical in the two prosecutions; and

"(4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar."

According to the second requirement, in order to withstand a motion to dismiss, the petition must allege that the petitioner was in jeopardy in the first action. In the case at bar, appellant does not claim that he was formerly prosecuted for the charged offenses. Instead, the petition states that another person, Bennett, was convicted of the crimes with which the petitioner-appellant is charged. Therefore, the second requirement is not met and a plea of double jeopardy is not proper.

Appellant's claim fails for a similar reason under the doctrine of collateral estoppel. In *Ashe v. Swenson* (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d

469, the United States Supreme Court held that collateral estoppel is constitutionally embodied in the Double Jeopardy Clause. *Id.* at 446, 90 S.Ct. at 1195, 25 L.Ed.2d at 476. The court defined "collateral estoppel" to mean that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated *between the same parties* in any future lawsuit." (Emphasis added.) *Id.* at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. Appellant was not a party to the prior action between the state and Bennett. Therefore, collateral estoppel does not bar the state from litigating the same issues in an action against appellant.

For the foregoing reasons, we hold that appellant did not state a cognizable double jeopardy claim. We affirm the decision of the court of appeals dismissing the appellant's petition for a writ of habeas corpus. Because the appellant failed to present a proper double jeopardy claim, the issue as to whether habeas corpus is the proper vehicle for reviewing the denial of a motion to dismiss on double jeopardy grounds is moot.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.