The STATE of Ohio, Appellee,

v.

VARNEY, Appellant.

[Cite as *State v. Varney* (1995), 105 Ohio App.3d 195.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA94–12–013.

Decided July 3, 1995.

*Steven H. Eckstein,* Fayette County Prosecuting Attorney, for appellee.

*John H. Roszmann,* for appellant.

KOEHLER, Judge.

Defendant-appellant, Charles O. Varney, Jr., appeals from a decision of the Fayette County Court of Common Pleas overruling his motion to dismiss the two-count indictment against him. For the reasons given below, we affirm.

On November 13, 1991, appellant was presented with evidence by the Fayette County Department of Human Services that he had failed to report income earned while he was receiving food stamps. Appellant signed a waiver of his right to an administrative disqualification hearing and, pursuant to former Ohio Adm.Code 5101:4–9–151, appellant was disqualified from the food stamp program for six months.

Appellant was subsequently indicted by the Fayette County Grand Jury on one count of tampering with records in violation of R.C. 2913.42 and one count of theft in violation of R.C. 2913.02. Appellant filed a motion to dismiss the indictment on double jeopardy grounds, arguing that the state was collaterally estopped from prosecuting him for the same acts which were admitted in the prior administrative proceeding where he was disqualified from the food stamp program for six months. The trial court overruled appellant's motion and appellant entered a no contest plea to the theft charge. The charge of tampering with records was dismissed. On the theft charge, the court found appellant guilty and imposed a six-month suspended prison term, five years' probation, a $250 fine, and ordered appellant to make restitution to the Fayette County Department of Human Services in the amount of $3,035.

Appellant's sole assignment of error on appeal is as follows:

"The trial court erred to the prejudice of appellant in overruling appellant's motion to dismiss the indictment."

Appellant argues that a six-month administrative disqualification from the food stamp program is a punitive measure which constitutes a criminal punishment for double jeopardy purposes. Therefore, appellant concludes that the state is collaterally estopped from seeking additional criminal penalties for the same offense.

■ The Double Jeopardy Clauses in the Ohio and United States Constitutions [1] protect an individual from multiple prosecutions and from multiple punishments for the same offense. *Shearman v. Van'Camp* (1992), 64 Ohio St.3d 468, 469, 597 N.E.2d 90, 91–92, citing *State v. Thomas* (1980), 61 Ohio St.2d. 254, 258–260, 15 O.O.3d 262, 264–266, 400 N.E.2d 897, 901–903. The United States Supreme Court has held that collateral estoppel, which prevents the relitigation of an ultimate fact between the same parties once it has been determined by a final judgment, is "constitutionally embodied in the Double Jeopardy Clause." *Shearman, supra* at 469–470, 597 N.E.2d at 92, citing *Ashe v. Swenson* (1970), 397 U.S. 436, 446, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 476. See, also, *Peebles v. Clement* (1980), 63 Ohio St.2d 314, 317, 17 O.O.3d 203, 204–205, 408 N.E.2d 689, 691 (United States Supreme Court decisions may also be used to interpret the Ohio constitutional guarantee).

■ "[A] defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *United States v. Halper* (1989), 490 U.S. 435, 448–449, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487, 502; *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 182, 183, 569 N.E.2d 916, 920–922. The *Halper* court observed that a civil sanction "may be so extreme and so divorced from the Government's actual damages and expenses" as to constitute a criminal punishment for purposes of the Double Jeopardy Clause. *Halper, supra,* Reporter of Decisions headnote (a) and 490 U.S. at 443, 109 S.Ct. at 1899, 104 L.Ed.2d at 498. However, the court noted that "the Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas * * * without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis." *Id.* at 446, 109 S.Ct. at 1900, 104 L.Ed.2d at 500.

■ Appellant's six-month disqualification was imposed pursuant to former Ohio Adm.Code 5101:4–9–252(B)(1), which provided in part:

"If the household member suspected of intentional program violation signs the 'Waiver of Right to Administrative Disqualification Hearing' * * *, the county agency may disqualify the household member in accordance with the disqualification periods specified in rule 5101:4–9–151 of the Administrative Code."

Former Ohio Adm.Code 5101–9–151(A) provided for a six-month disqualification for a first intentional program violation.

---

**1.** The Fifth Amendment Double Jeopardy Clause provides in part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *." Section 10, Article I of the Ohio Constitution similarly provides that "[n]o person shall be twice put in jeopardy for the same offense."

We find this disqualification to be a remedial civil sanction that does not constitute double jeopardy, even if combined with a criminal prosecution. First, the disqualification period is not tied to the monetary value of the fraud; the Administrative Code provides for a six-month disqualification regardless of the amount involved. Second, the monetary equivalent of the disqualification is speculative because once disqualification is imposed upon a currently participating individual, "the period of disqualification shall continue uninterrupted until completed regardless of the eligibility of the disqualified member's household." Former Ohio Adm.Code 5101:4–9–252(B)(2). Finally, if the individual waives an administrative disqualification hearing, the Administrative Code provides that, in addition to the disqualification, the agency shall initiate a collection action against the individual's household for the amount of the overissuance, unless "the county agency determines that collection action will prejudice the case against a household member referred for prosecution." Ohio Adm.Code 5101:4–8–191.[2] This indicates that the disqualification is generally remedial and not punitive in nature.

The Administrative Code also contemplates possible criminal prosecution in addition to the administrative disqualification. Former Ohio Adm.Code 5101:4–9–27 stated that:

"County agencies are encouraged to refer for prosecution those individuals suspected of committing intentional program violation, particularly if large amounts of food stamps are suspected of having been obtained by intentional program violation * * *."

The agency is required to impose administrative disqualification on an individual where a court finds an intentional program violation but fails to impose a disqualification period. Former Ohio Adm.Code 5101:4–9–271(B).

Accordingly, the disqualification provision of Former Ohio Adm.Code 5101:4–9–252 is a remedial civil sanction which is not so unreasonable and excessive as to constitute a second criminal punishment in violation of double jeopardy prohibitions, even though the individual is also subject to criminal prosecution for theft based upon the same acts. Allowing a county department of human services to impose an administrative disqualification on an individual for an intentional program violation serves the broad purpose of protecting Ohio taxpayers from the costly burden of food stamp fraud by ensuring that only eligible persons will receive food stamps. Therefore, we find no error in the trial court's decision in

---

2. Where a court finds an individual guilty of intentional program violation, the Administrative Code provides that the agency shall request that the matter of restitution be brought before the court.

this case to overrule appellant's motion to dismiss. Appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.