OPINION
{¶ 1} Defendant-appellant, Charles Mobus, appeals his convictions in the Butler County Court of Common Pleas for complicity to burglary and complicity to theft. We affirm appellant's convictions.
 {¶ 2} On April 16, 2004, appellant drove several juveniles to the residence of Sarah Lopez in Hamilton, Ohio, who is the mother of one of the juveniles. Members of this group forcibly entered Lopez's home, and stole jewelry, cash, and office equipment while Lopez was on vacation. When Hamilton police officers apprehended appellant later that evening, they recovered the stolen office equipment from appellant's vehicle. Appellant gave a voluntary statement, which indicated he and the other juveniles discussed breaking into Lopez's home, then broke into the home, and took Lopez's property.
 {¶ 3} For his part in these crimes, appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), which is a felony of the second degree, and one count of theft in violation of R.C.2913.02(A)(1), which is a felony of the fourth degree. During appellant's jury trial, appellant raised a Crim.R. 29(A) motion for acquittal. The trial court verbally granted appellant's motion with respect to the second-degree burglary charge, but permitted the trial to proceed as to the lesser included offense of third-degree burglary and the theft offense alleged in Count 2. The jury found appellant guilty of complicity to burglary in violation of R.C. 2911.12(A)(3), and complicity to theft in violation of R.C. 2913.02(A)(1). Appellant appeals his convictions, raising five assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY EXPOSING APPELLANT TO DOUBLE JEOPARDY AFTER GRANTING A MOTION FOR ACQUITTAL."
 {¶ 6} Appellant argues the trial court erred in permitting the trial to proceed with respect to lesser included offenses of the crime for which appellant was acquitted. Appellant claims he was subjected to double jeopardy, because the court permitted him to be prosecuted twice for the same offense. We disagree.
 {¶ 7} The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution protects against successive prosecutions for the same offense. State v. Lovejoy, 79 Ohio St.3d 440, 443, 1997-Ohio-371, citingU.S. v. Dixon (1993), 509 U.S. 688, 696, 113 S.Ct. 2849. A subsequent criminal prosecution does not violate the Double Jeopardy Clause if each criminal statute requires proof of a fact which the other does not.Blockburger v. U.S. (1932), 284 U.S. 299, 304, 52 S.Ct. 180. "If application of the Blockburger test reveals that the offenses have identical statutory elements or one is a lesser included offense of the other, the subsequent prosecution is barred." State v. Tolbert (1991),60 Ohio St.3d 89, paragraph one of the syllabus.
 {¶ 8} The doctrine of collateral estoppel, which prevents the relitigation of an ultimate fact once it has been determined by a final judgment, is embodied in the Double Jeopardy Clause. State v. Varney
(1995), 105 Ohio App.3d 195, 197; Dowling v. U.S. (1990), 493 U.S. 342,347, 110 S.Ct. 668. However, "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." U.S. v.Felix (1992), 503 U.S. 378, 386, 112 S.Ct. 1377.
 {¶ 9} In Count 1 of the indictment, appellant was accused of committing burglary in violation of R.C. 2911.12(A)(2). R.C. 2911.12(A)(2) provides, "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense." In Count 2 of the indictment, appellant was accused of committing theft in violation of R.C. 2913.02(A)(1), which provides, "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent."
 {¶ 10} At the close of the state's case-in-chief, appellant raised a Crim.R. 29(A) motion for acquittal. Crim.R. 29(A) provides, in relevant part, "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 11} Upon consideration of appellant's motion, the trial court verbally granted appellant's motion with respect to the element of the offense which requires the state to prove that any person other than an accomplice of the offender is present or likely to be present in the habitation. However, the trial court refused to sign an entry granting appellant's motion. Rather, the court permitted the trial to continue with respect to the lesser included offense of burglary in violation of R.C.2911.12(A)(3). R.C. 2911.12(A)(3) provides, "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 12} Specifically, the trial court found:
 {¶ 13} "[A]s to Count 1, I grant the motion for acquittal. And the reason for that is because of the language that is in that [degree] of burglary * * * [which is] that when any person, other than an accomplice of the offender is present, and obviously that was not the case, [because] there was no one present or likely to be present. * * * I find that the facts — even the facts as viewed in the light most favorable to the state, those facts indicate that there was no likelihood or very minimal likelihood that anyone was going to be present at 496 Beeler Boulevard. * * * However, I do find that there is adequate evidence of every other element for a burglary of the second degree here. And under the statute, * * * if every other element were found to be true, then that behavior would classify as a burglary of the third degree — a felony of the third degree."
 {¶ 14} The trial court continued:
 {¶ 15} "I do determine and rule that Count 1 does survive * * * in the form of a lesser included offense. * * * [C]ase law does suggest that the Court can amend the indictment itself * * *. So in essence what's happening here is that I am making a determination that the indictment will be amended as to Count 1, so that it will reflect that. The charge that I'm going to give to the jury regarding Count 1 is going to be the charge of burglary of the third degree, not burglary of the second degree."
 {¶ 16} According to the record, upon consideration of appellant's Crim.R. 29(A) motion, the trial court found insufficient evidence to proceed on felony-two burglary, because nobody was present or likely to be present at Lopez's home when appellant and the juveniles committed the offenses. The trial court's initial announcement of its inclination to grant appellant's motion for acquittal did not constitute a final judgment, since the court did not sign an order to that end. See Statev. Briscoe (1992), 84 Ohio App.3d 569, 572. Rather, the court amended Count 1 of the indictment during trial to reduce the charge against appellant to a lesser included offense, pursuant to Crim.R. 7(D), as the court did in Briscoe, 84 Ohio App.3d at 572. See also, Middletown v.Blevins (1987), 35 Ohio App.3d 65, 67.
 {¶ 17} Crim.R. 7(D) provides, in relevant part:
 {¶ 18} "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."
 {¶ 19} In this case, the trial court's decision to amend the indictment did not substantially affect the charged crime, such that appellant was precluded from preparing his defense. The trial court merely amended the indictment such that it reflected an offense that included the same elements as the original charge, minus the element the court decided was not proven pursuant to appellant's motion for acquittal. As the court appropriately stated in its decision:
 {¶ 20} "The defendant here was apprised of a higher level offense than what * * * the jury is going to be considering as its first alternative now under Count 1. He was fully apprised of all of the elements of [a third-degree felony] burglary by having to face [a second-degree] burglary charge. [The defendant] knew he had to defend * * * against those elements that are in this [third-degree felony]. He is not being disadvantaged by needing to go forward today * * * on a reduced charge."
 {¶ 21} We find the doctrine of collateral estoppel did not prevent appellant from being convicted of the lesser included offense. Further, the trial court did not err in taking the additional step of amending the indictment to include the lesser included offense of felony-three burglary, even though the court could simply have reduced the felony-two burglary to felony-three burglary as a result of the Crim.R. 29 motion. Appellant's first assignment of error is overruled.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY EXPOSING APPELLANT TO DOUBLE JEOPARDY BY REQUIRING HIM TO UNDERGO SUCCESSIVE PROSECUTIONS AND PUNISHMENTS FOR THE SAME CRIMINAL OFFENSE."
 {¶ 24} Appellant argues the trial court erred in denying his pre-trial motion to dismiss the charges against him, because he already had been convicted of the misdemeanor offenses of possessing criminal tools, receiving stolen property, and contributing to the delinquency of a minor. Appellant claims these misdemeanor convictions are related to the same course of conduct as the felony convictions which are the subject of this appeal, which violates the Double Jeopardy Clause. Again, we disagree.
 {¶ 25} As appellant alleges an error of law, we review the trial court's decision overruling appellant's motion to dismiss the indictment on grounds of double jeopardy de novo. See State v. Tolbert, Hamilton App. No. C-010700, 2003-Ohio-675; State v. Ellenburg (July 9, 1998), Pike App. No. 97CA597.
 {¶ 26} Before his trial for the felony offenses, appellant moved to dismiss the charges based on the Double Jeopardy Clause. After reviewing the record, we agree with the trial court's decision finding appellant failed to prove the misdemeanor charges were related to the same course of conduct as the felony charges. Appellant failed to provide any support for his argument that the misdemeanor and felony offenses arose from the same course of conduct, other than the fact that both indictments allege the offenses occurred on the same date. Appellant's second assignment of error is overruled.
 {¶ 27} Assignment of Error No. 3:
 {¶ 28} "THE COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO INSTRUCT THE JURY IN FAILING TO GIVE THE MANDATORY ACCOMPLICE TESTIMONY INSTRUCTION [sic]."
 {¶ 29} Appellant argues the trial court failed to properly instruct the jury regarding accomplice testimony pursuant to R.C. 2923.03(D). We disagree.
 {¶ 30} Initially, we note appellant failed to object to the trial court's jury instruction on accomplice testimony, waiving all but plain error. See Crim.R. 30; State v. Underwood (1983), 3 Ohio St.3d 12, syllabus. Nevertheless, errors otherwise waived may be considered by an appellate court under the doctrine of plain error if the error affects a substantial right. See Crim.R. 52(B). Notice of plain error pursuant to Crim.R. 52(B) must be taken with the utmost caution, only under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 94-95.
 {¶ 31} According to R.C. 2923.03(D):
 {¶ 32} "If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 {¶ 33} "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 34} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth." (Emphasis added.)
 {¶ 35} At trial, the court instructed the jury as follows:
 {¶ 36} "You are not required to believe the testimony of any witness simply because he or she was under oath. You may believe or disbelieve all or part of the testimony of any witness. It is your job to determine what testimony is worthy of belief and what testimony is not worthy of belief.
 {¶ 37} "You have heard testimony from [J.L.], a person who was found delinquent by reason of commission of one of the same crimes charged in this case and who was said to be an accomplice. An accomplice is one who purposely joins another in the commission of a crime. Whether [J.L.] was an accomplice and the weight to give her testimony are matters for you to determine.
 {¶ 38} "Testimony of a person whom you find to be an accomplice is admissible, but an accomplice may have special motives for testifying. You should view such testimony with grave suspicion and you should weigh it with great caution."
 {¶ 39} After review, we find the trial court substantially complied with R.C. 2923.03(D) by properly instructing the jury on accomplice testimony. Since there is no error with regard to the trial court's jury instructions on accomplice testimony, there can be no plain error. Statev. Hill (2001), 92 Ohio St.3d 191, 200. Appellant's third assignment of error is overruled.
 {¶ 40} Assignment of Error No. 4:
 {¶ 41} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE DURING THE TRIAL"
 {¶ 42} Appellant argues his trial counsel was ineffective for failing to object to the trial court's jury instruction on accomplice testimony. Appellant maintains he was prejudiced by his trial counsel's allegedly deficient performance. We disagree.
 {¶ 43} Appellate courts apply a two-pronged test to determine whether a criminal defendant received ineffective assistance of counsel at trial. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, paragraph two of the syllabus. To support a claim of ineffective assistance of counsel, a criminal defendant must first show that counsel's actions were outside the wide range of professionally competent assistance. Id. at 687. Second, the defendant must demonstrate that he was prejudiced by counsel's actions. Id. Trial counsel's performance will not be deemed ineffective unless the defendant shows counsel's representation fell below an objective standard of reasonableness. Id. at 688. Further the defendant must demonstrate, "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143. The defendant bears the burden of establishing both prongs before a reviewing court will deem trial counsel's performance ineffective. Strickland, 466 U.S. at 687.
 {¶ 44} After reviewing the record, we find appellant was not denied effective assistance of counsel. As we have previously stated, the trial court properly instructed the jury with regard to accomplice testimony. Therefore, the performance of appellant's trial counsel was not objectively unreasonable for failing to object to the court's jury instruction on accomplice testimony. Moreover, appellant has failed to prove he was prejudiced by counsel's performance, because even if appellant's counsel had raised an objection, the court's instruction does not constitute reversible error. Appellant's fourth assignment of error is overruled.
 {¶ 45} Assignment of Error No. 5:
 {¶ 46} "APPELLANT'S CONVICTIONS ARE BASED UPON INSUFFICIENT EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 47} Appellant argues the state failed to present sufficient evidence to support appellant's convictions for complicity to burglary and complicity to theft. While appellant refers in his assignment of error to his convictions, he has not made any substantive argument with respect to his conviction for complicity to theft. According to App.R. 16(A), "[t]he appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." An appellate court may disregard an assignment of error where the litigant has not provided any substantive argument in its brief for its assignment of error. State v.Rivers (1977), 50 Ohio App.2d 129; Nehls v. Quad-K. Advertising, Inc.
(1995), 106 Ohio App.3d 489. Accordingly, we will not address the sufficiency of the state's evidence to support appellant's conviction for complicity to theft.
 {¶ 48} In reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 49} Appellant argues the state failed to prove he trespassed with purpose to commit a criminal offense in Lopez's residence. Appellant maintains he merely accompanied J.L., who is Lopez's daughter, while she entered the residence and reclaimed her own property. Further, appellant claims there was no evidence he acted with purpose or that he aided or abetted anyone in the commission of burglary. However, the evidence indicates otherwise.
 {¶ 50} At trial, the state presented evidence that J.L. was not a resident of Lopez's home, and had not been for at least two months. Appellant voluntarily admitted to driving J.L. and other juveniles to Lopez's home. Appellant stated he believed J.L. had a key to the home, but while he was standing outside the home, he "heard a crack, and [he] knew someone had broken into the house." Further, J.L. testified her mother's office door was locked, "one of us kicked in the door," appellant was the first to enter the room, and appellant took a fax machine and a scanner from the office. In his statement, appellant admitted he "took the fax machine and the scanner and ran out the door" and later he "put the fax machine and scanner in the back of [his] car * * * and [he] left it there."
 {¶ 51} Although much of the evidence against appellant is circumstantial, this evidence, if believed, could lead a reasonable juror to conclude appellant knew J.L. did not have permission to enter Lopez's residence, purposely accompanied those who forcefully entered the residence with the intent to deprive Lopez of her property, and while inside purposely deprived Lopez of her property. Circumstantial evidence and direct evidence have the same probative value, and in some instances, certain facts can only be established by circumstantial evidence. Jenks, 61 Ohio St.3d at 272. Moreover, a conviction based on circumstantial evidence is no less sound than one based on direct evidence. State v. Begley (Dec. 21, 1992), Butler App. No. CA92-05-076, 5. Accordingly, we find sufficient evidence to support appellant's conviction for complicity to burglary.
 {¶ 52} Finally, appellant argues his convictions are against the manifest weight of the evidence. Again, appellant has failed to make a substantive argument with respect to his conviction for complicity to theft. Accordingly, we will only address the manifest weight of the evidence with respect to appellant's conviction for complicity to theft. See App.R. 16(A); State v. Rivers; and Nehls v. Quad-K. Advertising,Inc.
 {¶ 53} In support of his argument, appellant merely reiterates the same arguments made to support his insufficiency of the evidence argument. Sufficiency of the evidence and weight of the evidence are legally distinct issues. State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. When reviewing whether a conviction is supported by the manifest weight of the evidence, an appellate court, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387.
 {¶ 54} An appellate court will not reverse a judgment in a jury trial as being against the manifest weight of the evidence unless it unanimously disagrees with the judgment of the trial court. Id. at 389. When reviewing the evidence, an appellate court must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 55} After reviewing the record, we cannot say the jury lost its way and created a manifest miscarriage of justice when it found appellant guilty of complicity to burglary. Accordingly, we find appellant's conviction was not against the manifest weight of the evidence. Appellant's fifth assignment of error is overruled.
 {¶ 56} Judgment affirmed .
Powell, P.J., and Young, J., concur.