OPINION
{¶ 1} Appellant Shawn Carrico appeals his conviction and sentence entered in the Stark County Court of Common Pleas on two counts of attempted murder.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On June 17, 2004, the Stark County Grand Jury indicted Appellant Shawn Carrico on two counts of attempted murder and two counts of felonious assault, in violation of R.C. § 2923.02(A) [Fl] and R.C. § 2903.11(A)(1) and/or (A)(2), [F2]. The charges stemmed from the multiple stabbing of two victims on May 9, 2004 in Massillon, Ohio.
 {¶ 4} Appellant hired Attorney Jeff Jakmides to represent him.
 {¶ 5} Appellant entered pleas of not guilty and the matter proceeded to disposition before the Hon. John G. Haas of the Stark County Common Pleas Court.
 {¶ 6} Prior to the trial in this matter, Appellant changed his former pleas of "not guilty" to pleas of "guilty" as charged.
 {¶ 7} On September 29, 2004, Appellant returned to the trial court for sentencing. For purposes of sentencing, the trial court merged the felonious assault counts with the attempted murder counts and sentenced Appellant to serve four (4) years on the first count of attempted murder and three (3) years on the second count of attempted murder to run consecutively for a seven (7) year aggregate prison terms.
 {¶ 8} The October 6, 2004, Judgment Entry of the trial court reflects that the sentence of seven years is authorized by law and jointly approved by the defendant and the prosecution.
 {¶ 9} Appellant did not file a notice of appeal within the 30 day statutory time limit prescribed by App. R. 4(A).
 {¶ 10} On June 28, 2005, Appellant moved the trial court to vacate his sentence.
 {¶ 11} The trial court overruled the motion.
 {¶ 12} On September 13, 2005, Appellant filed a "joint" motion with brother and co-defendant, Adam Carrico, for leave to appeal.
 {¶ 13} On October 4, 2005, that motion was denied by this Court. The Ohio Supreme Court also denied his leave to appeal.
 {¶ 14} On December 16, 2005, Appellant filed this second delayed appeal.
 {¶ 15} This Court granted his motion to file a delayed appeal, citingState v. Foster, 109 Ohio St. 3d 1, 2006-Ohio856, 845 N.E.2d 470.
 {¶ 16} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 17} "I. THE TRIAL COURT COUNSEL FAILED TO FULFILL HIS OBLIGATION TO FILE AN APPEAL AS PROMISED A SIXTH AMENDMENT VIOLATION.
 {¶ 18} "II. WHETHER THE TRIAL COURT FAILURE TO SENTENCE ILLEGALLY UNDER THE BLAKELY V. WASHINGTON AND STATE V. FOSTER.
 {¶ 19} "III. WHETHER THE TRIAL COURT FORCING APPELLANT TO PAY RESTITUTION WITHOUT JUDICIAL PROCESS AMOUNT TO BILL ATTAINDER.
 {¶ 20} "IV. WHETHER THE TRIAL COURT COUNSEL WAS INEFFECTIVE FOR FAILING TO DETECTIVE INDICTMENT AND OBJECTING TO THIS DEFECTIVE INDICTMENT."
 I., IV. {¶ 21} In his first assignment of error, appellant argues ineffective assistance of trial counsel. We disagree.
 {¶ 22} Specifically, Appellant argues that his trial counsel failed to object to a defective indictment and also failed file an appeal of his conviction and sentence.
 {¶ 23} The standard of reviewing claims ineffective assistance of counsel is set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 Sup.Ct.2050, 80 L.Ed.2d 674. Ohio utilizes the Strickland standard, see State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Our review requires a two-prong analysis: first we must determine whether counsel's assistance was ineffective, which means determining whether counsel's performance fell below an objective standard of reasonable representation and violated any essential duty to the client. If we find counsel was ineffective, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness, to the extent the reliability of the outcome of the trial is suspect. This requires showing a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different, State v. Hosier, Morgan App. No. 2005-CA-016, 2006-Ohio-5540. In reviewing counsel's performance, we presume counsel's conduct fell within the wide range of reasonable, professional assistance,Bradley at 142.
 {¶ 24} In his fourth assignment, Appellant argues that the indictment in this matter was defective because it named both he and his brother and that the offenses charged "could not have been committed by two people at the same time with [the] same knife." (Appellant's brief at 8).
 {¶ 25} In addition to failing to find that the indictment was deficient based on the foregoing argument, this Court finds that Appellant waived his right to object to any defects in the indictment when he entered a guilty plea to the charges in this case, State v.Barton, 108 Ohio St.3d 402, 2006-Ohio-1324. Crim.R. 12(C)(2) mandates that "Defenses and objections based on defects in the indictment" must generally be raised "[p]rior to" trial, and we have previously held that "failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved." State v. Biros (1997),78 Ohio St.3d 426, 436, 678 N.E.2d 891, citing State v. Joseph (1995),73 Ohio St.3d 450, 455, 653 N.E.2d 285. Crim.R. 11(B)(1) states, "The plea of guilty is a complete admission of the defendant's guilt."
 {¶ 26} It should also be noted that Appellant has failed to file a transcript of the sentencing hearing in this matter. An appellant is required to provide a transcript for appellate review. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 27} Upon review, we find that Appellant has presented no evidence to support his contention that his trial counsel promised to file an appeal for him and then failed to do so. Thus, the trial transcript is also necessary for a thorough review of the appellant's contentions. As appellant has failed to provide this court with a transcript, we must presume regularity of the proceedings below.
 {¶ 28} Upon review of the record, we do not find that counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties he owed to appellant. Therefore, it is not necessary that we address the second prong of the test set forth in Strickland and Bradley.
 {¶ 29} Appellant's first and fourth assignments of error are overruled.
 II. {¶ 30} In his second assignment of error, Appellant argues that his sentence is illegal under Blakely v. Washington and State v.Foster. We disagree.
 {¶ 31} In the case at bar, the sentence imposed by the sentencing judge was recommended jointly by Appellant and the State. The Supreme Court of Ohio has held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." State v. Porterfield,106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, at paragraph three of the syllabus.
 {¶ 32} "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." Porterfield, supra, at ¶ 25. The theory behind the refusal to review agreed-upon sentences is still valid, even after State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, wherein the Supreme Court of Ohio declared certain portions of Ohio's sentencing statutes unconstitutional. See State v. Kimble, Trumbull App. No. 2005-T-0085, 2006-Ohio-6096; State v. Woods, Clark App. No. 05CA0063, 2006- Ohio-2325; see, also, State v. Covington, Muskingum App. No. CT2005-0038, 2006-Ohio-2700; State v. Hammond, Cuyahoga App. No. 86192,2006-Ohio-1570.
 {¶ 33} In sum, because appellant's sentence was authorized by law and jointly recommended by him and the State, it is not subject to appellate review pursuant to R.C. 2953.08(D).
 {¶ 34} Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 35} In his third assignment of error, Appellant argues that the trial court erred in ordering him "to pay restitution without judicial process". We disagree.
 {¶ 36} Appellant argues that the trial court's order of restitution amounts to a "bill of attainder".
 {¶ 37} Upon review of the record, this Court fails to find an order of restitution in the case sub judice, finding only that Appellant was ordered to pay court costs.
 {¶ 38} "[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system."Strattman v. Studt (1969), 20 Ohio St.2d 95, 102, 49 O.O.2d 428,253 N.E.2d 749. Therefore, although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money. State v.Threatt, 108 Ohio St.3d 277, 2006-Ohio-905.
 {¶ 39} Appellant's third assignment of error is overruled.
 {¶ 40} This cause is affirmed.
By: Boggins, J., Wise, J. concurs Hoffman, P.J. concurs separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.