OPINION
{¶ 1} Appellant, Thomas C. Jenkins ("Mr. Jenkins"), appeals from the Lake County Court of Common Pleas' November 21, 2006 denial of his Motion Nunc Pro Tunc. For the reasons that follow, we affirm.
 {¶ 2} Substantive Facts and Procedural History
 {¶ 3} On September 11, 2003, Mr. Jenkins was indicted on eighteen counts of rape in violation of R.C. 2907.02(A)(1)(b) and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). The indictment was based upon numerous acts *Page 2 
allegedly committed by Mr. Jenkins over a six week period. The victim was Mr. Jenkins' eleven year old daughter. A force specification was contained in counts 1, 3, 5, 7, 9, 11, 13, 15 and 17, namely that Mr. Jenkins "* * * did purposely compel the female minor victim to submit by force or threat of force." Rape counts 2, 4, 6, 8, 10, 12, 14, 16 and 18 contained the specification that Mr. Jenkins "* * * caused serious physical harm to the female minor during or immediately after the commission of the offense." Mr. Jenkins initially pled not guilty to all twenty-one counts of the indictment.
 {¶ 4} On October 20, 2003, Mr. Jenkins changed his plea to guilty on counts 1, 7 and 11 without the force specification. The trial court entered a nolle prosequi on the remaining counts in the indictment. During the change of plea hearing, the state indicated that count 1 of the indictment was representative of vaginal intercourse between Mr. Jenkins and the victim, count 7 was representative of cunnilingus Mr. Jenkins performed on the victim and count 11 was representative of fellatio that Mr. Jenkins forced the victim to perform upon himself. Mr. Jenkins indicated during the hearing that the charges were true.
 {¶ 5} During the hearing on October 20, 2003, the trial court also conducted a sexual predator hearing and found by clear and convincing evidence that Mr. Jenkins was a sexual predator. Importantly, Mr. Jenkins stipulated to this finding. Mr. Jenkins was sentenced to ten years in prison for each count of rape to which he pled guilty, each term to be served consecutively.
 {¶ 6} Mr. Jenkins filed a motion for post-conviction relief under R.C.2953.21 on December 9, 2004, alleging that his rights to effective assistance of counsel, due process of law and Miranda warnings were violated. The trial court denied the motion, *Page 3 
finding that the time period proscribed in R.C. 2953.21(A)(2) had expired and there was no evidence that R.C.2953.23 applied.
 {¶ 7} On October 23, 2006, Mr. Jenkins filed a motion nunc pro tunc/petition to correct the record and dismiss the indictment. The arguments raised by Mr. Jenkins in that motion are essentially the same arguments he raises on this appeal. The state filed its response to this motion on November 21, 2006. On November 21, 2006, the trial court denied Mr. Jenkins' motion. Mr. Jenkins then filed a motion to strike the state's response to his motion nunc pro tunc, which was denied by the trial court on December 12, 2006.
 {¶ 8} This appeal followed, in which Mr. Jenkins, proceeding pro se, raises the following three assignments of error:
 {¶ 9} "[1.] Trial court errored [sic] to the perjudice [sic] of the appellant [sic] fail [sic] to reach, adjudicate the merits of appellant [sic] subject matter jurisdiction claim in violation of appellant united [sic] states [sic] constitution [sic] amendments, [sic] 5, 6, and 14.
 {¶ 10} "[2.] Trial court errored [sic] to the perjudice [sic] of the appellant [sic] fail [sic] to reach, adjudicate the merits of appellant [sic] subject matter jurisdiction claim pursuant to R.C. 2950.09; [sic] R.C 2971.01; [sic] R.C.2941.148, in violation [sic] united [sic] states [sic] constitution [sic] amendments, [sic] 5, 6, and 14.
 {¶ 11} "[3.] Trial court errored [sic] to the perjudice [sic] of the appellant [sic] fail to reach, adjudicate the merits of appellant claim double jeopardy clause united [sic] states [sic] constitution [sic] amendments, [sic] 5, 6, and 14."
 {¶ 12} Defective Indictment *Page 4 
 {¶ 13} In his first assignment of error, Mr. Jenkins contends that the September 11, 2003 criminal indictment was defective, thereby divesting the trial court of subject matter jurisdiction. Specifically, Mr. Jenkins alleges that the indictment failed to allege the essential elements of the crime of rape, namely "force" or "threat of force." Mr. Jenkins' first assignment of error is without merit.
 {¶ 14} Initially, we note that Mr. Jenkins did not object to the wording of the indictment either prior to the commencement of trial or prior to his plea of guilty as required by R.C. 2941.29. Furthermore, Crim.R.12(C)(2) mandates that "[d]efenses and objections based on defects in the indictment, information or complaint * * *" must be raised before trial. There is no evidence in the record demonstrating that Mr. Jenkins objected to any alleged defect in the indictment prior to entering his guilty plea. In fact, it was not until more than three years after Mr. Jenkins entered a plea of guilty that Mr. Jenkins raised the issue of a defect in the indictment. As such, Mr. Jenkins has waived his right to object to any defect in the indictment. See State v.Barton, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73; State v. Batich, 11th Dist. No. 2006-A-0031, 2007-Ohio-2305, ¶ 27; State v. Carrico, 5th Dist. No. 2005CA00324, 2007-Ohio-559 at ¶ 25; State v. Grider (Feb. 10, 2000), 8th Dist. No. 75720, 2000 Ohio App. LEXIS 446, at 7-8.
 {¶ 15} Because Mr. Jenkins has waived his right to challenge the alleged defect in the indictment, our review of his first assignment of error must proceed under the plain error analysis of Crim.R. 52(B).State v. Biros (1997), 78 Ohio St.3d 426, 436; Grider at 8. Counts 1, 7 and 11 of the indictment contain essentially the same language and state as follows: *Page 5 
 {¶ 16} "On or between the 1st day of June, 2003 and the 25th day of July, 2003, in the City of Mentor, Lake County, State of Ohio, oneTHOMAS C. JENKINS did engage in sexual conduct with another, to wit: a female minor victim, not the spouse of the said THOMAS C. JENKINS, and the said female minor victim was less than thirteen (13) years of age, whether or not the said THOMAS C. JENKINS knew the age of the said female minor victim.
 {¶ 17} "The said THOMAS C. JENKINS did purposely compel the female minor victim to submit by force or threat of force.
 {¶ 18} "This act, to-wit: Rape, constitutes a Felony of the First degree, contrary to and in violation of Ohio Revised Code, Title 29, § 2907.02(A)(1)(b) and against the peace and dignity of the State of Ohio. Upon conviction of this offense, the Court shall impose a mandatory prison term of Life imprisonment."[1]
 {¶ 19} Mr. Jenkins contends that because the terms "force" or "threat of force" were not included in the indictment but rather were added on as a specification, the indictment is defective. Mr. Jenkins' argument is without merit.
 {¶ 20} Mr. Jenkins was charged with multiple violations of R.C.2907.02(A)(1)(b). R.C. 2907.02 provides in pertinent part:
 {¶ 21} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 22} "* * * *Page 6 
 {¶ 23} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 {¶ 24} "* * *
 {¶ 25} "(B) Whoever violates this section is guilty of rape, a felony of the first degree. * * *"
 {¶ 26} The plain language of R.C. 2907.02(A)(1)(b) does not require force. "A person who engages in sexual conduct with a child under the age of thirteen commits rape, regardless of whether there is any force at all." State v. Villa, 2d Dist. No. 18868, 2002-Ohio-2939 at ¶ 19, citing R.C. 2907.02(A)(1)(b). See, also, State v. Gau, 11th Dist. No. 2005-A-0082, 2006-Ohio-6531, at ¶ 20. The indictment in the present case contained a force specification, however such a specification would serve only to enhance Mr. Jenkins' possible sentence. Force was not required to convict Mr. Jenkins of a violation of R.C. 2907.02(A)(1)(b). Accordingly, the indictment was not defective.
 {¶ 27} Finding no plain error in the indictment, Mr. Jenkins' first assignment of error is without merit.
 {¶ 28} Sexual Predator Determination Hearing
 {¶ 29} In his second assignment of error, Mr. Jenkins challenges his classification as a sexual predator arguing that the indictment did not contain a sexual predator specification and that a prior conviction is required before one can be designated a sexual predator. Mr. Jenkins' second assignment of error is without merit.
 {¶ 30} Under R.C. 2950.09, a sentencing court must determine whether a sex offender is a habitual sex offender, a sexual predator or a sexually oriented offender. A "sexual predator" is defined as an individual who "* * * has been convicted of or pleaded *Page 7 
guilty to committing a sexually oriented offense that is not a registration-exempt offense and is likely to engage in the future in one or more sexually oriented offenses."[2] R.C. 2950.01(E).
 {¶ 31} There are two ways in which an individual may be classified as a sexual predator. First, if a person is convicted of or has pleaded guilty to a sexually violent offense and also is convicted of or has pleaded guilty to a sexually violent predator specification contained in the indictment, then the individual is automatically classified as a sexual predator. R.C. 2950.09(A). On the other hand, an individual can be designated a sexual predator after a hearing in which the offender is entitled to be represented by counsel, testify and to call and cross-examine witnesses. R.C. 2950.09(B)(2).
 {¶ 32} In determining whether a sex offender is a sexual predator, the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. R.C.2950.09(B)(3). These factors include: (a) the offender's age; (b) prior criminal record; (c) the age of the victim; (d) whether the offense involved multiple victims; (e) whether drugs or alcohol were used to impair the victim; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact or interaction with the victim and whether such was part of a demonstrated pattern of abuse; (i) whether the offender displayed cruelty or threatened cruelty during the *Page 8 
commission of the offense; and (j) any additional behavioral characteristics that contribute to the offender's conduct. See R.C.2950.02(B)(3)(a) through (j). A showing by clear and convincing evidence of just one of the factors may be sufficient to uphold an offender's classification as a sexual predator. State v. Pierce, 11th Dist. No. 2002-L-132, 2003-Ohio-5864, at ¶ 11, citing State v. Cowoski, 11th Dist. No. 2001-L-209, 2002-Ohio-6703, at ¶ 8.
 {¶ 33} We review the trial court's determination in Mr. Jenkins' sex offender classification hearing under a civil manifest weight of the evidence standard. State v. Wilson (2007), 113 Ohio St.3d 382, 389,2007-Ohio-2202, ¶ 32. "Under this standard, a court of appeals must affirm the trial court's determination if it is supported by some competent, credible evidence." Id.
 {¶ 34} Initially, we note that Mr. Jenkins appears to be confused about the difference between classifying an individual as a sexual predator and classifying him or her as a sexually violent predator. In the latter, the state must prove beyond a reasonable doubt that a defendant has been convicted of a sexually violent offense and is likely to commit the sexually violent offense in the future. State v.Williams (2000), 88 Ohio St.3d 513, 531-532. On the other hand, the standard of proof required to classify an individual as a sexual predator is not so onerous. The state need only show by clear and convincing evidence that a defendant has been convicted of, or pleaded guilty to a sexually oriented offense and that he is likely to commit one or more sexually oriented offenses in the future. R.C.2950.09(B)(4). Also, the statutory factors employed in a sexually violent predator specification are quite distinct from the statutory factors employed in a sexual predator hearing. See R.C. 2970.01(H)(2); R.C. 2950.09(B)(3). *Page 9 
 {¶ 35} The trial court's judgment entry filed October 31, 2003, indicates that Mr. Jenkins stipulated to the sexual predator classification. Ohio courts have consistently held that an offender's stipulation to a sexual predator classification results in a waiver of the hearing requirement. Furthermore, such a stipulation waives an offender's right to challenge the trial court's imposition of the designation. See State v. Shie, 8th Dist. No. 86464, 2006-Ohio-2314
at ¶ 4; State v. Yeager, 7th Dist. No. 03 CA 786, 2004-Ohio-3640, at ¶ 46;State v. Martin (Apr. 19, 2002), 6th Dist. No. L-01-1214, 2002 Ohio App. LEXIS 1873, at 6-7; State v. Maggy (Sept. 26, 2001), 9th Dist. No. 3127-M, 2001 Ohio App. LEXIS 4323, 3-4. Therefore, by his stipulation to the designation, Mr. Jenkins has waived his right to now challenge the trial court's decision classifying him as a sexual predator.
 {¶ 36} Even if Mr. Jenkins had not waived his ability to challenge the sexual predator designation, this court's review of the trial court record demonstrates that there was competent, credible evidence that Mr. Jenkins is likely to commit one or more sexually oriented offenses in the future. The trial court reviewed the following records prior to designating Mr. Jenkins a sexual predator: Mentor Police Department report, Mr. Jenkins' statement, the victim's statement, record of sexually transmitted disease testing of Mr. Jenkins, Cuyahoga County Department of Human Services records regarding the victim, report of Cuyahoga County Department of Human Services investigator, Cleveland Police Department incident report and internet information regarding herpes provided by Mr. Jenkins.
 {¶ 37} The trial court found the following factors were established by clear and convincing evidence pursuant to R.C. 2950.09: *Page 10 
 {¶ 38} "a) The defendant is fifty-two (52) years of age;
 {¶ 39} "b) The victim of the sexually oriented offense for which sentence was imposed was eleven (11) years of age at the time of the crime;
 {¶ 40} "c) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual contest included fellatio, cunnilingus, digital penetration, and display of erotic materials. The defendant's sexual actions were part of a demonstrated pattern of abuse as they occurred consistently over a six week period;
 {¶ 41} "d) The nature of the defendant's actions during the commission of the sexually oriented offense displayed cruelty or threats of cruelty; insofar as defendant caused to [sic] victim to contract genital herpes, and told her not to tell anyone about the sexual acts which he was perpetrating;
 {¶ 42} "e) Additional behavioral characteristics that contributed to the defendant's conduct include prior predatory conduct by defendant as based upon reliable hearsay, including reports by defendant's niece that she was raped by defendant as a four year old child, as was her older sister, who committed suicide during her early twenties as a result of the sexual abuse."
 {¶ 43} The above demonstrates there was some competent credible evidence supporting the trial court's findings that Mr. Jenkins was likely to commit one or more sexually oriented offenses in the future. Therefore, Mr. Jenkins' second assignment of error is without merit.
 {¶ 44} Double Jeopardy *Page 11 
 {¶ 45} In his third and final assignment of error, Mr. Jenkins argues that he was punished three times for the same offense, in violation of the Double Jeopardy Clause of the U.S. Constitution.
 {¶ 46} This court has previously held that "[b]oth the interpretation of a statute and a determination by a trial court that the Double Jeopardy Clause prohibits prosecution, in a given case, are matters of law." State v. Fleming (Apr. 25, 1997), 11th Dist. No. 96-P-0210, 1997 Ohio App. LEXIS 1701 at 9. "In general, an appellate court will defer to a trial court's factual findings, but must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case." Id. citing State v. Williams (1994),94 Ohio App.3d 538, 543; Castlebrook, Ltd. V. Dayton Properties Ltd.Partnership (1992), 78 Ohio App.3d 340, 346. "In this context, we must defer to [the judge's] * * * findings of fact recited in his judgment entry, but we must independently determine if he correctly applied the substantive constitutional law of double jeopardy to the facts of this case." Id. at 9-10. "This is a de novo standard of review." Id.
 {¶ 47} Mr. Jenkins argues that he was punished three times for the same offense thereby resulting in a violation of the Double Jeopardy Clause. The Double Jeopardy Clauses of the Ohio and United States Constitutions protect an individual from (1) multiple prosecutions for the same offense and (2) multiple punishments for the same offense.Shearman v. Van Camp (1992), 64 Ohio St.3d 468, 469. In the present case, Mr. Jenkins pleaded guilty to three counts of rape, each of which represented a separate violation of R.C. 2907.02(A)(1)(b) against the victim "* * * and, by definition, a separate offense." State v.Latorres (Aug. 10, 2001), 11th Dist. Nos. 2000-A-0060 and *Page 12 
2000-A-0062, 2001 Ohio App. LEXIS 3533 at 25 (Ford, J., concurring). As the state represented during the change of plea hearing, counts 1, 7 and 11 represented three separate sexual offenses committed by Mr. Jenkins against the victim. As such, Mr. Jenkins was not punished three times for the same offense and his third assignment of error is without merit.
 {¶ 48} For the reasons stated in the opinion of this court, Mr. Jenkins' assignments of error are without merit.
 {¶ 49} The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] The only difference between the wording of the counts in the indictment is that count 7 covers the time period of June 1, 2003 through June 30, 2003. Count 11 contains the exact same language as Count 1.
[2] A violation of R.C. 2907.02(A)(1)(b) is a "sexually oriented offense." R.C. 2950.01(D)(1)(a). *Page 1