DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Kevin Williams, appeals the judgment of the Wood County Court of Common Pleas, which, following the court's denial of appellant's motion to dismiss the indictment for aggravated burglary, sentenced appellant to three years of community control. For the reasons set forth herein, we affirm the trial court's judgment. *Page 2 
 {¶ 2} The underlying facts of this case are as follows. On February 17, 2007, at approximately 6:00 a.m., Bowling Green State University Police Officer Jeremy Davies responded to a complaint by victim, Scott Johnson, that two men had entered his room in Harshman Anderson dormitory and assaulted him. Officer Davies later identified appellant as one of the two men fitting the description provided by Johnson. Appellant was arrested approximately a half hour later in Harshman Bromfield dormitory, a separate building in the same complex. During appellant's arrest, a marijuana cigarette fell from his person, and a green, leafy substance was found on appellant's desk.
 {¶ 3} As a result of the events of February 17, appellant was charged with aggravated burglary, assault, possession of drugs, and possession of drug paraphernalia. (The aggravated burglary charge was filed under a separate case number.) At some point the assault charge was dismissed by the municipal court and the aggravated burglary charge was bound over to the Wood County Court of Common Pleas. At the March 23, 2007 plea hearing, the drug possession charge was dismissed and the possession of drug paraphernalia charge was amended to criminal trespass.[1]
Appellant then entered a no contest plea to the charge. *Page 3 
 {¶ 4} On May 3, 2007, appellant was indicted by a grand jury on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a first degree felony. Appellant entered a not guilty plea.
 {¶ 5} On May 31, 2007, appellant moved to dismiss the indictment based on a double jeopardy theory. Appellant claimed that because criminal trespass is a lesser included offense of aggravated burglary, a prior conviction on the lesser offense precluded conviction of the greater offense because there was no additional element necessary to prove the greater offense. On August 8, 2007, a hearing on the motion was held, and on August 14, the trial court denied the motion. The court explained that the municipal court drug charges were resolved "by entering a plea of no contest to the unrelated offense of criminal trespass," and that the aggravated burglary charge was based on a separate event. On September 26, 2007, appellant changed his plea from not guilty to no contest. On November 20, 2007, appellant was sentenced to three years of community control. Appellant timely commenced this appeal and raises the following assignment of error for our review:
 {¶ 6} "I. The trial court erred in denying appellant's motion to dismiss the aggravated burglary indictment for the reason that appellant had once been in jeopardy having been convicted of the lesser included offense of criminal trespass."
 {¶ 7} At the outset we note that on appeal a de novo standard of review is used when reviewing the denial of a motion to dismiss a criminal indictment on the grounds of *Page 4 
double jeopardy. State v. Betts, 8th Dist. No. 88607, 2007-Ohio-5533;State v. Mobus, 12th Dist. No. CA2005-01-004, 2005-Ohio-6164.
 {¶ 8} Appellant argues that because criminal trespass is a lesser included offense of aggravated burglary, and that both charges arose from the same occurrence of entry into Johnson's room, his conviction for aggravated burglary violates the Double Jeopardy Clause. In so arguing, appellant disputes the trial court's finding that the amendment of the possession of drug paraphernalia charge to criminal trespass was not based on actual events but was a negotiated resolution of an unrelated offense.
 {¶ 9} Conversely, the state argues that the municipal court lost jurisdiction over the aggravated burglary charge once it was bound over to the court of common pleas. The state further relies on the trial court's determination that the amended possession of drug paraphernalia charge (to criminal trespass) was a resolution of events that occurred after the initial incident, which constituted the aggravated burglary charge.
 {¶ 10} At the outset, we note that both the United States and Ohio State Constitutions prohibit double jeopardy. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protects against, inter alia, multiple punishments for the same offense. North Carolina v. Pearce
(1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, overruled on other grounds in Alabama v. Smith (1989), 490 U.S. 794, 109 S.Ct. 2201,104 L.Ed.2d 865; State v. Casalicchio (1991), 58 Ohio St.3d 178, 183. *Page 5 
 {¶ 11} This case is most easily resolved by determining whether or not the municipal court had the authority to adjudicate the aggravated burglary charge. The municipal court has authority to hear felony cases, prior to the indictment, to the point of determining whether there is reasonable cause to have the defendant appear before a court of common pleas. R.C. 1901.20(B). The court of common pleas has original jurisdiction over all crimes and offenses that are not minor, such as felonies. R.C. 2931.03. Aggravated burglary is a first degree felony. Thus, adjudication of this charge was properly placed in the jurisdiction of the court of common pleas. The aggravated burglary charge was bound over to the Wood County Court of Common Pleas on March 1, 2007, three weeks prior to appellant's plea in municipal court.
 {¶ 12} Moreover, there was sufficient evidence presented to demonstrate that the aggravated burglary charge was based on events removed in both time and space from the events on which the amended possession of drug paraphernalia (criminal trespass) charge was based. Accordingly, we find that appellant's sole assignment of error is not well-taken.
 {¶ 13} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J. Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] Upon review of State's Exhibit No. 1, an audio recording of the municipal court plea hearing admitted at the August 8, 2007 hearing, it appears that there was confusion over the nature of appellant's plea. Appellant believed he was to enter no contest pleas to assault and criminal trespass (amended from possession of drug paraphernalia), in exchange for the dismissal of the drug possession charge. The prosecutor clarified that the assault charge had been dismissed and was to be refiled in common pleas. Though given the opportunity, appellant did not object and his no contest plea to criminal trespass was accepted by the court. *Page 1